*Margin:* January Term, 1861.

KNEIFLE v. THE STATE.

*Margin:* March 12.

---

## KNEIFLE vs. THE STATE.

The ruling of the court below on an application for a change of venue in a criminal action, and the instructions given to the jury on the trial, are not a part of the record, unless made so by bill of exceptions, and cannot be reviewed by this court.

ERROR to the Circuit Court for *Juneau* County.
The case is stated in the opinion of the court.
*E. Fox Cook*, for plaintiff in error.

*By the Court*, COLE, J. This case was before the court on writ of error to the circuit court of Juneau county. The

*Margin:* March 12.

January Term,
1861.

plaintiff in error was indicted, with five others, in the circuit court of La Crosse county, for the murder of one William Dennison. He made application for a change of venue, and the cause was sent to Juneau county for trial. On the trial in the circuit court in that county, the jury found him guilty of manslaughter in the second degree. The court therefore sentenced him to confinement at hard labor in the state prison for seven years, the first day in each month during the confinement to be solitary imprisonment. No objection is taken to the form or sufficiency of the indictment. Neither do we perceive any error in the verdict or judgment of the court. It is now alleged that the circuit court of La Crosse county first improperly refused to change the venue on application being made therefor by the plaintiff in error, and that when the venue was changed it was improperly changed as to the defendants who made no application for such change. It is further alleged, that the circuit court of Juneau county committed various errors upon the trial, and gave improper instructions to the jury. But there is an insuperable difficulty to our considering these various objections, which is, that there is no bill of exceptions in the case, and these questions are not therefore before us. We can only consider matters and errors apparent upon the record. The indictment charges the offense in apt and proper words, and the verdict and judgment are legal and sufficient. If any errors occurred on the trial, exceptions should have been taken, and a bill of exceptions prepared embracing those matters, so that this court could review them. We must therefore affirm the judgment.

The judgment of the circuit court is affirmed.