## THE PEOPLE v. VANCE.

AN indictment for murder is not vitiated by the designation of the offense as "murder in the first degree." *People* v. *Dolan* (9 Cal. 576) affirmed on this point.

It is not essential that the words "with malice aforethought" be used in an indictment for murder, provided terms are employed which, in their import, are equivalent. An indictment which charges that the offense was committed "willfully, maliciously, feloniously, and premeditatedly," is in this respect sufficient.

It is not a good ground of challenge to the panel of trial jurors in the District Court, that it was not drawn and selected as required in sections fourteen and fifteen of the Act concerning Jurors, but was obtained by an order of the Court under the sixteenth section of the same act after the commencement of the term, and without any attempt having been made to comply with the preceding sections. *People* v. *Stewart* (4 Cal. 218) affirmed on this point.

A verdict of guilty will not be set aside by the Appellate Court on the ground that it is against the weight of conflicting evidence. There must, to authorize an interference by this Court, be such overwhelming evidence against the verdict as to justify the inference that it was rendered under the influence of passion or prejudice, or bias of some kind.

APPEAL from the Eleventh Judicial District.

The indictment in this case accuses the defendant of the crime of "murder in the first degree." It does not in terms aver that the killing was "with malice aforethought," but charges that at a certain time and place the defendant did "willfully, maliciously, feloniously, and premeditatedly kill and murder" the deceased by shooting him with a pistol, giving with sufficient particularity the circumstances of the killing. To this indictment the defendant demurred. The Court overruled the demurrer, and defendant excepted.

For the term at which the case was set for trial no panel of trial jurors was drawn or summoned, as directed by the fourteenth and fifteenth sections of the Act concerning Jurors, but three days after the commencement of the term the Court by an order directed the Sheriff to summon forty-eight competent persons to serve as a trial jury.

The panel thus formed was challenged by the defendant on the

People *v.* Vance.

ground that it had not been drawn and selected as required by law, which challenge the Court overruled, and defendant excepted.

The jury found the defendant guilty of murder in the second degree, and judgment was rendered accordingly, from which defendant appeals.

*C. A. Tuttle*, for Appellant.

The statute defines murder to be the unlawful killing of a human being with malice aforethought, either express or implied. Murder, then, is the legal appellation of the offense charged in the indictment. The statute further provides that " the jury before whom any person indicted for murder shall be tried shall designate by their verdict whether it be murder in the first or second degree." In the Criminal Practice Act, section two hundred and thirty-eight, is given the form of the indictment, and included in the parenthesis are the words " giving its legal appellation, such as murder, arson, manslaughter, or the like." Murder, then, is the legal appellation of the offense ; but there are two degrees of the same crime. Each of these degrees has its own definition and punishment, but both are murder.

The grand jury when they indict should charge simply murder. To the trial jury it is then left to fix the degree of murder.

If the grand jury can indict for murder in the first degree, they can do so for murder in the second degree. If they can indict for murder in the second degree, they can deprive the trial jury of the power of fixing the degree. This would enable it to take away the functions of the trial jury.

In the case of the *People* v. *Dolan*, (9 Cal. 576) the Court, in discussing this question, says that murder in the first degree necessarily includes murder in the second degree, and that therefore there is no impropriety in the grand jury charging murder in the first degree.

Does murder in the first degree include murder in the second degree ? We think not. Murder includes both degrees, but when you add the words " in the first degree," or " in the second degree," do you not limit the charge to that particular degree ? Murder in the second degree certainly does not include murder in

the first degree, and yet, if we strike out the words "in the second degree," it would include both degrees.   The addition of the degree to the word murder defines the kind and character of the murder, and limits it to that definition, nor can any other kind of murder be included within it.

II.   The challenge to the panel of the trial jury should have been allowed.   A jury should be drawn for every regular term of the District Court.   (Secs. 14 and 15 of Act concerning Jurors.) The decision in the case of *People* v. *Stewart* is, in this respect, we think, erroneous, and the Court is asked to review it.

III.   The indictment only charges manslaughter.

The words "willfully, maliciously, feloniously, and premeditatedly," are not equivalent to malice aforethought.

Section two hundred and forty-four of the Criminal Practice Act provides that words used in an indictment shall be construed in their usual acceptance in common language, except such words and phrases as are defined by law, which are to be construed according to their legal meaning.

The words "malice aforethought" have a legal meaning, and are construed in all the books as necessary in a charge for murder, while the other words used in the indictment only make a charge of manslaughter.   (See sec. 19 of Act concerning Crimes and Punishments; 1 Chitty's Crim. Law, 242; 2 Bouvier's Law Dic. 98; Barb. Crim. Law, 54; 3 Hale, 187; 1 East. P. C. 345; Whart. Crim. Law, 1103, 1105, 1121.)

IV.   The evidence does not warrant the verdict.

*Attorney-General*, for Respondent.

FIELD, C. J. delivered the opinion of the Court—COPE, J. concurring.

The indictment in this case is for the crime of murder.   Two objections are urged to its sufficiency: first, that it designates the crime as murder in the first degree; and second, that it does not charge the commission of the offense with "malice aforethought." The first objection is answered by the case of *People* v. *Dolan* (9 Cal. 576).   The second objection is met by the fact that words

equivalent in their import to "malice aforethought" are used. The indictment alleges that the defendant committed the offense "willfully, maliciously, feloniously, and premeditatedly." The statute declares that it is sufficient if it can be understood from the indictment, so far as the statement of the offense is concerned, "that the act or omission charged as the offense is clearly and distinctly set forth in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended." (Crim. Prac. Act, sec. 246.) So far as the motive actuating the accused is essential to the statement, there is no doubt that the terms used constitute a sufficient compliance with the statute. (*Commonwealth* v. *Chapman*, 11 Cush. 422; *Thompson* v. *The People*, 3 Parker's Crim. R. 208.)

The objection to the manner and time in which the jurors were summoned is answered by the case of *People* v. *Stewart* (4 Cal. 218).

The last objection of the appellant, that the verdict is against the weight of the evidence, is without force. There was evidence both for and against the defendant, and in such cases we do not interfere with the province of the jury. There must be such overwhelming evidence against the verdict as to justify the inference that it was rendered under the influence of passion, or prejudice, or bias of some kind, to justify any interference on our part with the action of the jury.

Judgment affirmed.