## THE STATE VS. FEE.

An indictment for an assault with an intent to commit murder must contain the words " of his malice aforethought ;" and it is not sufficient to follow the mere language of the statute, sec. 35, ch. 164, R. S.

An indictment charging, in the language of said sec. 35, an assault with intent to murder, by one armed with a dangerous weapon, is good under sec. 45 of the same chapter, and the words " armed with a dangerous weapon" may be regarded as surplusage.

The objection that two different counts in an indictment charge the defendant with committing an assault with intent to murder upon different persons, is not ground of demurrer, nor for arrest of judgment, nor can it be taken advantage of on writ of error. It is in the discretion of the circuit court to quash the indict-

ment for such a joinder, or compel the prosecution to elect on which count the defendant shall be tried.

Where the indictment contained a count for assault and battery and other counts for a higher offense, and the defendant was acquitted on the former but convicted on the latter, he cannot assign for error a refusal to receive his testimony as a witness in his own behalf, since he was not injured by such refusal.

*It seems,* that a defendant, indicted for an assault and battery, is not entitled under the statute (ch. 274, Laws of 1861) to testify in his own behalf, if another count in the indictment charges him with an assault with intent to commit a felony.

Where the circuit judge, by mistake, permitted two more persons to be sworn on a grand jury than the statute permits (sec. 13, ch. 118, R. S.), but afterwards, before any action was taken by the grand jury, discharged the two last sworn in : *Held,* that this was no ground for quashing an indictment subsequently found by the remaining grand jurors.

CERTIFIED from the Circuit Court for *Grant* County.

*Dunn & Cothren* and *J. Allen Barber*, for the defendants.

*G. C. Hazelton*, for the state, as to the sufficiency of the indictment under sec. 35, ch. 164, R. S., cited Wharton's Precedents, No. 245, p. 186 ; *People v. Pettit*, 3 Johns., 511 ; *People v. Borges*, 6 Abb., 137 ; 3 Abb. Dig., 335 ; *Wilson v. State*, 1 Wis., 184.

*By the Court*, DOWNER, J. This case is certified to this court under the provisions of chapter 180 of the Revised Statutes.

The first question presented is, whether the count in the indictment on which the defendant was convicted, charges him with a crime known to our laws. It charges him with an assault *" with an intent to murder,"* in the language of sec. 35, ch. 164, R. S., but omits the words " of his malice aforethought," usually inserted in such indictments. In indictments for murder, as a conclusion from the facts averred, it must be stated that so the defendant feloniously, of his malice aforethought, did kill and murder the deceased ; for without the terms " malice aforethought," and the artificial phrase " murder," the indictment will be taken to charge manslaughter only. 1 Chit. Cr. Law, 243 ; Wheaton's Cr. Law, § 399 ; 2 Hale's Pleas of the Crown, 187. And these words " malice aforethought" cannot be supplied by others whose import may be the same.

*The Commonwealth v. Gibson*, 2 Virginia Cases, 74; *State v. Heas*, 10 La. R., 195.

If the words "malice aforethought" are absolutely necessary and indispensable in an indictment for murder, we see not why they are not also necessary in an indictment charging an attempt to commit murder. The practice has been generally to insert them, and the usual and most approved forms contain them. 3 Chit. Cr. Law, 828; Wharton's Prec., 242, 244, 248, 249; *Sharp v. The People*, 19 Ohio, 379. The only decision that an indictment charging an assault with intent to murder without using the words "of his malice aforethought," is good, to which we have been referred, is that of the supreme court of New York, in the case of *The State v. Pettit*, 5 Johns., 511. The court there say, "the intent to commit murder was charged in the language of the statute, and we think that is sufficient." The same reasoning might make it unnecessary in an indictment for murder to insert the words "of his malice aforethought." If the crime was merely a statutory offense, there would be force in the reason assigned, that the indictment charged the offense in the language of the statute; but this was at common law a high misdemeanor, and the statute only re-enacts the common law, differing only in the punishment imposed, and as an indictment for this offense at common law must contain the words "of his malice aforethought," there is good reason for still retaining them. We dislike to take the responsibility of declaring that these words, so long and almost universally used in such indictments, are unnecessary. What wise judges have long held to be essential averments, we must hold to be essential. We hold, therefore, that the indictment only charges the defendant with an assault with intent to commit the crime of manslaughter.

In opposition to this view, it is said that the words "intent to kill or murder" exclude the idea of manslaughter, which is a killing without a design to effect death. But under our statute, sections 13 and 21, ch. 164, R. S., it is clear a person may

*intentionally* take the life of another and be guilty of man-slaughter, and of that only.

The indictment is, however, good under section 45, chapter 164, which provides: "If any person shall assault another with intent to commit any burglary, robbery, rape, manslaughter, mayhem, or any felony, the punishment of which assault is not herein prescribed, he shall be punished," &c.    The averments in the indictment relating to a dangerous weapon, intended to bring it within the the provisions of sec. 35, same chapter, may be considered as surplusage.    The defendant may therefore be sentenced to be punished according to the provisions of section 45, unless for other reasons the verdict shall be set aside.

The objection that the first count charging the defendant with an assault with intent to murder Samuel Pross, could not be joined in the same indictment with a count charging him with an assault with intent to murder John Pitts, cannot avail the defendant in this court.    The authorities are all to the effect that it is in the the *discretion* of the court below to quash the indictment for that cause, or to compel the prosecutor to elect on which charge or count he will go to trial.    But the joinder of such charges for distinct offenses in the same indictment, is not ground of demurrer, or for motion in arrest; nor can it be taken advantage of on writ of error.

The indictment contained counts for assault and battery, and the defendant at the trial offered himself as a witness, and was not permitted to be sworn.    This, it is maintained, was error. If he had been found guilty on those counts, he might, perhaps, complain of the ruling of the court.    But if he had been permitted to testify, the court must have confined his testimony to his defense to the counts charging him simply with assault and battery.    As he was found not guilty on those counts, the ruling of the court has not injured him.    We do not, however, wish to be understood as deciding that the defendant has a right, on the trial of an indictment charging him with an assault with

intent to murder, and in a different count with assault and battery, to be a witness in his own behalf. Our opinion is that the statute (chap. 274, Laws of 1861) does not provide for such a case.

The error assigned that the circuit court erred in not quashing the indictment because of the illegal organization of the grand jury, presents the only remaining question. The circuit court, when the two last grand jurors were sworn, was evidently under a mistake as to the number previously sworn in; and the last two ought not to have been sworn. But this error, before any action was taken by the grand jury, was corrected by the discharge of those two jurors. We do not see how the defendant could be injured by the swearing and discharge of these jurors.

We advise the circuit court to render judgment against the defendant on the verdict; and it is ordered that this cause be remanded to the circuit court for further proceedings agreeable to law.