THE STATE VS. DUVALL.

CRIMINAL LAW : *Form of indictment for murder in the first degree. How malice to be charged.*

1. The charging part of an indictment alleges that defendant, " contriving and intending to kill and murder one E. D., with malice aforethought, and from premeditated design to effect the death of her the said E. D., then and there a large quantity of a certain deadly poison called strychnine, knowingly, willfully and feloniously did give and administer," etc. *Held,* that the words, " with malice aforethought," etc., properly qualify the words " did give," etc., and not the words " contriving and intending," or the words " to kill and murder ; " and the charge is sufficient.

2. Whether, after malice aforethought has once been properly charged in the body of the indictment (where that is required), the omission of it in the conclusion would be fatal; and if so, whether the allegation that defendant committed the act "in manner and form as aforesaid" would not be sufficient—it was not necessary to determine in this case.

3. In an indictment for murder in the first degree, it is sufficient to allege, in the language of the statute, that the act charged was done with "a premeditated design to effect the death" of the deceased, without adding the common law form "with malice aforethought."

4 *Quære*, whether it would be sufficient, in such a case, to use the common law form without the words of the statute—since "malice aforethought" is equally applicable to murder in the *second* degree.

REPORTED from the Circuit Court for *Rock* County.

The case is stated in the opinion.

*Wm. H. Ebbetts*, for the defendant, to the point that it was necessary at common law to charge in terms that the killing was done "with malice aforethought," cited 4 Blacks. Com. 194, 198; 1 Russ. on Crimes, 482, 562, 563; 3 Chitty's Cr. Law, 723, 727; 1 id. 243; Wharton on Homicide, 33; *Sarah v. The State*, 28 Miss. 278; 1 Arch. Cr. Pr. 301, 881, note; 1 Wharton's Cr. Law, 399; *State v. Fee*, 19 Wis. 563; *Fairlee v. The People*, 11 Ill. 1; 2 U. S. Dig. 494; *Comm. v. Gibson*, 2 Va. Cases, 70, 74; *State v. Patrick*, 3 Wis. 814. 2. To the point that the rule is not changed by the statute, he cited *State v. Fee*, 19 Wis. 563; *People v. Enoch*, 13 Wend. 172, 177; *Fitzgerrold v. The People*, 37 N. Y. 413, 426; *Com. v. Clifford*, 8 Cush. 217.

*John R. Bennett*, for the state, to the point that the "malice aforethought" was in fact sufficiently charged in those terms, in the indictment, cited 2 Bishop on Cr. Proced. sec. 547; *Rex v. Nicholson*, 1 East P. C. 345, 346; *Com. v. Chapman*, 11 Cush, 422; 1 Chitty's Cr. Law, 243; 2 Hale P. C. 187; 3 Hawkins P. C. 314. 2. To the point that it would have been sufficient to charge the crime in the language of the statute, "with premeditated design to effect the death" of the person killed, he cited and commented upon *The People v. Enoch*, 13 Wend. 159, 163, 164; *The People v. White*,

24 id. 520, 581; *Fitzgerrold v. The People*, 37 N. Y. 413, 416–418; *The People v. Clark*, 7 id. 385; 1 Hale P. C. 451, 187; 1 Colby's Cr. Law, 594; 2 id. 149; *Lanergan v. The People*, 50 Barb. 272; *Fitzgerald v. The People*, 49 id. 126.

PAINE, J. The defendant having been convicted of murder in the first degree, the circuit court certified to this court several questions, arising upon objections taken by the prisoner's counsel to the indictment. The killing was accomplished by administering poison. And counsel objects that the poison is not charged to have been administered either with "malice aforethought," so as to be good at common law, nor with a premeditated design to effect death, so as to be sufficient under the statute. And, in connection with this objection, he insisted strenuously, that it would not be sufficient to have used the words of the statute merely, but that the killing must still be charged to have been done "with malice aforethought," and that the words of the statute cannot supply their place. With respect to the charging part of the indictment, it would not be necessary to determine the latter question, because we think the offense is there properly stated so as to make the indictment good either at common law or under the statute. It charges that the defendant, "contriving and intending to kill and murder one Elizabeth Duvall, with malice aforethought, and from premeditated design to effect the death of her the said Elizabeth Duvall, then and there a large quantity of a certain deadly poison called strychnine, knowingly, willfully and feloniously did give and administer unto the said Elizabeth Duvall," etc.

It is suggested that although both the established common law phrase, and the statutory language descriptive of that degree of malice necessary to constitute murder in the first degree, are here used, yet

they are used only argumentatively, and not as directly applicable to the act of administering the poison. Such a criticism could only be justified by holding that these words properly and grammatically relate back to and qualify the words which had preceded them. But on the contrary, by their natural and grammatical construction, they relate directly to and qualify the subsequent words, "did give and administer." 1 East P. C. 346. And this being so, all ground for objection to this part of the indictment is removed, even though the argument of the defendant's counsel, that the words of the statute alone were insufficient, were conceded to be correct.

But in the conclusion of the indictment, the words "with malice aforethought" are not used, although the words of the statute are. It is as follows: "And so the jurors aforesaid, upon their oaths aforesaid, do say that the said *William P. Duvall*, her the said Elizabeth Duvall, *in manner* and form aforesaid, · feloniously, willfully, *and from premeditated design to effect the death of her the said Elizabeth Duvall*, did poison, kill and murder," etc. To this conclusion the same objection is repeated. Without stopping to consider whether, where the offense has once been properly charged in the body of the indictment to have been done "with malice aforethought," the omission to repeat those words in the conclusion could in any case be fatal; or whether, if they were essential in the conclusion also, the words "in manner and form aforesaid" should not be held to import them, and sufficiently aver, for the purposes of a conclusion, that the killing was done with the malice aforethought with which it had been previously charged—I think the objection untenable for the reason that those words are not essential either in the body or the conclusion of the indictment.

The argument that they are essential seems to be based upon the mistaken assumption that, by reason

of the great strictness in criminal pleading, and long usage, the common law requirement that those words must be used, had somehow acquired the force of a constitutional provision, so as to make it impossible for the legislature to substitute any others. But this is clearly not so. The whole matter of defining crimes and regulating criminal pleading is subject to the control of the legislature. Our legislature has revised the whole subject of homicide, and defined with accuracy and precision its different degrees. In accordance with a familiar principle, the statutory provisions stand in the place of the common law. And as the legislature, in defining murder in the first degree, has seen fit to use, instead of the common law words "with malice aforethought," the words "with premeditated design to effect death," as descriptive of the malice which marks the murderer, I know of no reason why the general rule in criminal pleading that it is sufficient to allege the offense in the language of the statute is not as applicable here as in any other case. It cannot be necessary to refer to authorities establishing this rule, than which none is more familiar. The only exception to it grows out of the fact that, as it is impracticable to enact a separate provision as to each of the possible modes in which the same offense may be committed, and for that reason the language of criminal statutes is of necessity sometimes general, it is in such cases necessary to aver the actual facts constituting the offense with greater particularity than they are described in the statute. This is a matter of justice to the accused, that he may know precisely with what he is charged, and be able to prepare for his defense. Thus, in describing those offenses which are aggravated by the fact that the offender is armed with a dangerous weapon, the statute in this particular necessarily uses general words. But in pleading, it would not be sufficient to aver generally that the party was armed with a dangerous weapon, but it

should be stated what the weapon was. Many other instances might be referred to as illustrations of the fact that the rules of particularity in pleading sometimes require the pleader to do more, in setting forth his facts, than merely to use the general language of the statute. But it is obvious that this principle is not at all applicable to the question under consideration. And I believe there is no other principle upon which an exception to the general rule, that it is sufficient for an indictment to describe the offense in the language of the statute, has ever been sustained. On the contrary, not only the sufficiency but the absolute necessity of using the very words of the statute, descriptive of the offense, has uniformly been enforced. And the utmost extent to which that rule has ever been relaxed, has been to allow the use of other words of the same import. This has frequently given rise to discussions as to whether particular indictments in which other words, claimed to be equivalent, had been used, could be sustained. Such was the case of *The People v. Enoch*, 13 Wend. 159, relied on by the counsel for the defendant. It was there held that, under a statute whose language is like ours, the common law form was sufficient; not that it was essential. It was held sufficient, because the common law words " with malice aforethought" were equivalent to the statutory words " with premeditated design to effect death." This clearly appears from the opinion of the supreme court, and from the arguments of counsel both before that court and the court of errors. And it would be a strange application of that decision, to say that, because it held that the common law words were sufficient, being equivalent to those of the statute, therefore they are indispensable, and the words of the statute not sufficient without them.

The propriety of the decision itself is not beyond question. The words " with malice aforethought" being as applicable, under the New York statutes and

ours, to murder in the second as to murder in the first degree, although by the very terms of the statute the killing in the second degree is without premeditated design, it seems difficult to say that those words neces- sarily import the premeditated design which the stat- ute makes the criterion to distinguish between the two degrees. And the case seems to fall into the inconsist- ency of holding that proof of a greater degree of pre- meditation would be necessary to establish the statu- tory offense of murder in the first degree, than would be requisite to establish the allegation that the killing was with malice aforethought. The cases of *Johnson v. The Commonwealth*, 24 Pa. St. 386, and *Fouts v. The State*, 8 Ohio St. 98, and *Fouts v. The State*, 4 Greene (Iowa) 500, would seem to warrant a different con- clusion.

But whether that case was correctly decided or not, and whether an indictment under our statute, in the common law form merely, would be sufficient, it is not necessary to consider. Whether it would or not, the words of the statute are sufficient under the stat- ute. The remark of the court in *O'Kelly v. The Terri- tory*, 1 Oregon, 51, are peculiarly applicable. "The words of the statute are transferred to the indictment; and if they describe murder in the one place, they of course describe it in the other." The case of the *State v. Fee*, 19 Wis. 562, relied on by the prisoner's counsel, is not applicable. The question there was as to the sufficiency of an indictment under a statute punishing an assault with intent to murder. And the court held that the allegation of "malice aforethought" must be made. It might be said that by the use of the word "murder" alone, that statute intended to refer to the common law definition of murder, and require the essential fact of malice to be stated. The real point of the inquiry was, whether that fact should be alleged at all. And in holding that it must be, it was natural enough to refer to and use the common law form of

making that allegation, and to refer to the common law decisions on that subject. But the case cannot be an authority in a case like the present, that where the statute has actually used other words, evidently as a substitute for those of the common law, the latter are still indispensable. I think, therefore, that this indictment was entirely sufficient, and that we could not hold otherwise without sacrificing justice to unsubstantial objections. The remarks of the dissenting judges in the case above referred to, in Ohio, whether properly applicable to the objections there made or not, are justly applicable here. They say: "The fact that in England, until a comparatively recent period, the punishment of death was, by statute, inflicted for a multitude of crimes, not less than one hundred and sixty in number, and many of them of but minor aggravation, renders the policy of the English bench, during the time when the rules of criminal pleading were in process of formation, of maintaining an excessive technicality, very natural and honorable to its humanity. The reasons for such a judicial policy, however, have no foundation in the legislation of this state; but on the contrary, excessive technicality in criminal pleading, thus originated, is felt by many of the best minds of the country to be a serious practical evil, tending greatly to give impunity to crime, and not at all to the security of innocence. These considerations, while they will not justify except by legislative interference a relaxation of rules well established, do certainly demand that we should not add to their number or their stringency." ·

It should be certified to the circuit cout, that in the opinion of this court, the indictment is sufficient, and it should proceed to sentence.

*By the Court.*—Ordered that it be so certified.