CHASE VS. THE STATE.

*November 15 — November 30, 1880.*

CRIMINAL LAW AND PRACTICE.  *(1) Questions reviewable on writ of error.*
*(2-5) Information for murder: what averments requisite.*

1. In criminal actions, where no exceptions are allowed by the judge (sec. 4720, R. S.), and no bill of exceptions settled, this court, on writ of error, can pass only upon questions appearing on the face of the record.

2. One count of an information for murder in the first degree charges, with due specifications of time and place, that defendant assaulted and wounded one N.; that this was done feloniously, wilfully and with malice aforethought; and that the wounds so given were mortal wounds, of which N. died; but omits the usual words of *conclusion*, that defendant, in manner and form aforesaid, then and there, feloniously, wilfully and with malice aforethought, "did *kill and murder*" said N.  *Quære*, whether, under our statutes, this count is not sufficient to sustain a conviction of murder in the first degree.  *State v. Fee*, 19 Wis., 562, distinguished; and a remark in *Kilkelly v. The State*, 43 Wis., 604, doubted.

4. Another count in the information, with due specifications of time and place, charges that defendant assaulted N. with force and arms, and with a certain slung-shot and revolver did then and there feloniously, wilfully, and with malice aforethought, strike, bruise and wound said N., giving him then and there, with said slung-shot and revolver, in and upon his head, mortal wounds, of which he died on a day named; and it then adds the usual *conclusion*, above recited.  *Held*, that under sec. 4660, R. S. (which provides that in such an information it shall not be necessary to set forth the manner in which or the means by which the death was caused), this count was sufficient to sustain a conviction of murder in the first degree.

4. Such count is not bad because it fails to state that the *assault* was made by defendant "feloniously, wilfully and of his malice aforethought."

5. Where the fact that an information is presented by the district attorney of the proper county appears from a statement to that effect at the beginning thereof, and from his signature at the end, the omission of a like statement in the *second* or other *subsequent count*, does not vitiate such count.

ERROR to the Circuit Court for *Chippewa* County.

The case is stated in the opinion.

The cause was submitted on the brief of *Carl C. Pope* for

the plaintiff in error, and that of the *Attorney General* for the state.

For the plaintiff in error it was argued, *inter alia*, as follows: 1. The first count in the information is insufficient. It does not charge that the prisoner killed or murdered the deceased. Even in civil actions facts must be alleged positively, and not left to inference. *Rogers v. Milwaukee*, 13 Wis., 610. And in criminal actions, "neither inference nor argument can be indulged in or deemed sufficient to supply an insufficient averment in an information." *State v. Patrick*, 3 Wis., 812; *State v. Gaffrey*, 3 Pin., 369; 1 Archb. Cr. Pl. (8th ed.), 265. An information for murder must charge in direct and positive words that the accused did wilfully, feloniously and of his malice aforethought, kill and murder the deceased. R. S., sec. 4660; *State v. Fee*, 19 Wis., 562; *Kilkelly v. The State*, 43 id., 604. 2. Even in civil actions, one count of a declaration cannot supply defects in another. *Curtis v. Moore*, 15 Wis., 134; *Sabin v. Austin*, 19 id., 421. And the rule is maintained with much greater stringency in criminal cases. 1 Bishop Cr. Pro., sec. 429; *State v. Longley*, 10 Ind., 482. In this case the second count does not appear to be the information of the district attorney, and is therefore insufficient. 1 Bishop Cr. Pro., sec. 429; *State v. McAllister*, 26 Me., 334; R. S., sec. 4658. Nor does it charge the assault upon the deceased to have been made wilfully, feloniously and of malice aforethought. The concluding clause merely states that the accused killed and murdered the deceased "in manner and form" as set forth in the insufficient statement of the offense which precedes. And such concluding clause is not a positive and direct statement of facts, but is a mere conclusion drawn from the facts before stated.

The contention in behalf of the state was substantially as follows: 1. While the first count does not, in so many words, aver that the accused did wilfully, feloniously and of his malice aforethought kill and murder the deceased, it does state

that each and every act that brought about such killing was so done. What is omitted is but a conclusion of law from the facts actually stated. It is sufficient if the offense is charged with such degree of certainty that the court may pronounce judgment upon conviction according to the right of the case. R. S., sec. 4658, subd. 4; id., sec. 4659, subd. 4. 2. It sufficiently appears that the second count is the information of the district attorney. Sec. 4657, R. S., gives the form of an information of one count. It gives the name of the state, the county and the title of the action, and should be dated and signed officially by the district attorney. But such caption need not precede each count, nor need each count be dated and signed. It has been held that unless the words, "the jurors on their oaths aforesaid, present," commence a count of an indictment, such count is bad because it does not appear that it was found upon the oath of the jurors. Yet where the record shows that the grand jury were sworn, it is held good. *Huffman v. Comm.*, 6 Rand., 685; *State v. Gaffrey*, 3 Pin., 369. See Whart. Prec. (3d ed.), Forms 139, 140. No objection was made in the court below on this ground, and, as informations are amendable in this regard (R. S., sec. 4706), the practice in civil cases should prevail, and the objection be unavailable in this court.

TAYLOR, J. The plaintiff in error was tried for murder upon an information filed by the district attorney of Chippewa county in the circuit court of that county, and upon such trial he was convicted of murder in the first degree. After verdict and before judgment, the defendant moved for a new trial and in arrest of judgment. Both motions were overruled, and the defendant was sentenced upon the verdict.

No bill of exceptions was settled in the case, and no exceptions allowed by the circuit judge. The case is brought to this court upon a writ of error. This court cannot, therefore, pass upon any questions except such as appear upon the face of the

Chase vs. The State.

record. *Peglow v. The State*, 12 Wis., 534; *Kneifle v. The State*, 13 Wis., 369. This rule is so well established in civil actions that it is unnecessary to cite authorities in its support.

The only error alleged by the learned counsel for the plaintiff in error against the record, is that the information is not sufficient to sustain a verdict of guilty of murder in the first degree. - The following is a copy of the information, omitting the title:

"I, William R. Hoyt, district attorney for said county, hereby inform the court, that on the thirteenth day of December, in the year 1878, at said county, *Charles William Chase*, in and upon one Frank Goodhue, feloniously, wilfully and of his malice aforethought, did make an assault, and that the said *Charles William Chase*, a certain revolver then and there loaded and charged with gunpowder and leaden bullets, then and there feloniously, wilfully and of his malice aforethought, did discharge and shoot off, to, against and upon the said Frank Goodhue, and that the said *Charles William Chase*, with leaden bullets aforesaid, out of the revolver aforesaid, then and there, by force of the gunpowder aforesaid by the said *Charles William Chase* discharged and shot off, in and upon the head and body of the said Frank Goodhue, then and there feloniously, wilfully and of his malice aforethought, did strike, penetrate and wound, giving the said Frank Goodhue, then and there, with the leaden bullets aforesaid, so as aforesaid shot and discharged and sent forth out of the revolver aforesaid, by the said *Charles William Chase*, in and upon the head and body of him, the said Frank Goodhue, mortal wounds, of which mortal wounds the said Frank Goodhue, on said thirteenth day of December, 1878, died.

"*Second.* That he, the said *Charles William Chase*, in the county aforesaid, on the thirteenth day of December, 1878, aforesaid, with force and arms, in and upon one Frank Goodhue, did make an assault, and that the said *Charles William Chase*, with a certain slung-shot and revolver, the said Frank

Goodhue, in and upon the head of the said Frank Goodhue, then and there feloniously, wilfully and of his malice aforethought, did strike, bruise and wound, giving the said Frank Goodhue, then and there, with the slung-shot and revolver aforesaid, in and upon the head of the said Frank Goodhue, mortal wounds, of which mortal wounds the said Frank Goodhue, on the thirteenth day of December, A. D. 1878, died; so that the said *Charles William Chase* the said Frank Goodhue, in manner and form aforesaid, then and there feloniously, wilfully and of his malice aforethought, did kill and murder, against the peace and dignity of the state of Wisconsin.

"WM. R. HOYT,

"*Dated December* 18, 1878.        District Attorney."

It is urged that the information contains two counts; that in the first count there is no allegation that the defendant did, feloniously, wilfully and of his malice aforethought, murder the deceased; and that the second count is bad, because, first, it is not stated at the beginning of the count that the district attorney of the proper county presents the same; and second, it does not charge that the defendant feloniously, wilfully and of his malice aforethought, assaulted the deceased. It will be seen, by an examination of the first count, that the assault and wounding of the deceased are charged, with time and place, to have been made and done by the defendant feloniously, wilfully and of his malice aforethought; and that it also charges that the wounds so given by the defendant to the deceased were mortal wounds, of which mortal wounds the deceased then and there died, but omits the words of conclusion which are found in a common-law indictment for murder, viz.: "That the defendant, in manner and form aforesaid, then and there, feloniously, wilfully and of his malice aforethought, did kill and murder the deceased." Whether an information under our statute would be bad without this formal conclusion, when all the facts necessary to be proved in order to establish the guilt of the defendant are properly set forth therein, with proper words

charging them to have been done feloniously, wilfully and of malice aforethought, need not be determined in this case. The object of all pleadings, in both criminal and civil actions, is to inform the opposite party of the facts, upon the proof of which the state, or person who is the plaintiff, relies as the foundation of the judgment sought against the defendant; and, unless there be some reason peculiar to the crime of murder which renders it necessary for the state to go further, and charge the accused, as a conclusion drawn from the facts so stated, that by reason of such facts the accused has committed the crime of murder, there would not seem to be any reason for requiring such statement.

In *Evans v. The People*, 12 Mich., 27–33, Justice CAMPBELL says of an information under a law similar to ours: " We think that these and other provisions of that statute, concerning matters of form, require us to hold that, if an indictment or information contains direct and unequivocal averments of such facts (not being mere evidence) as lead immediately and of necessity to a single and inevitable conclusion, the omission to draw that conclusion expressly will not vitiate the pleading. The allegations in the case before us cannot, by any possible construction, permit any inference except that Evans feloniously and maliciously killed Balch at the time and in the manner specified." So, in the case at bar, the allegations in the first count of the information cannot by any possible construction permit any inference except that the defendant feloniously, maliciously and of his malice aforethought killed Frank Goodhue at the time and in the manner specified. In the Michigan case the defendant was not convicted of murder, but of manslaughter, and the learned justice queries whether a verdict for murder could have been sustained upon the information, because he says it may be a question whether the offense of murder can be properly described except by the use of the technical word *murder*. It appears to me that this objection is well answered in the case

of *Anderson v. The State*, 5 Ark., 444, 452, 453, where the court gives the reasons why it was necessary in England to allege that the accused had murdered the deceased, and why in the English courts no other word is allowed to be substituted for it. The reason given by Foster in his Crown Law, 304, is that the statutes of England take away from persons convicted of *wilful murder* the benefit of clergy. After speaking of the statutes which take from the accused the benefit of clergy, and in which the crime which ousts the accused of the benefit is described by the words "wilful murder," he says: "And, therefore, in an indictment for murder, the word *murder* is so necessary and essential in the description of the offense, that no words, however importing the same offense, as *ex malitia præcogitata interfecit*, will now bring the case within the statute; and for want of that technical operative word the defendant cannot be convicted of murder, though he may of manslaughter."

The necessity for the use of the word "murder" in the indictment, in order to justify a conviction for that crime, grew out of the fact that it was provided by the statutes referred to, that a person convicted of "wilful murder" could not have the benefit of clergy; and it was held, in favor of life, that the indictment should notify the accused that he was on trial for "wilful murder," as described in those statutes, otherwise he could not be convicted of that crime. In this state no such reason exists. The executive has the same power to pardon a man who is convicted of murder, as one convicted of manslaughter or any other crime. It has been strongly intimated by this court, in the case of *Kilkelly v. The State*, 43 Wis., 604, that the common-law rule still exists in this state, notwithstanding the change of the constitution permitting persons accused of crime to be proceeded against by information instead of indictment, and the legislation upon that subject since such change. What was said in that case was, however, unnecessary to its decision, as the indictment was

for an assault with intent to kill, and a conviction was sustained. The case of *State v. Fee*, 19 Wis., 562, was decided under the law as it was before the constitution was amended. See, also, upon this point, *State v. Duvall*, 26 Wis., 415, 418, 419.

But, admitting that the first count of the information is bad for the reason suggested, we are of the opinion that the conviction and judgment must be sustained under the second count. That count contains what is declared by statute to be a sufficient information for murder; and the fact that the means by which the murder was committed may not be sufficiently stated, does not vitiate it. This count is the exact converse of the first. It has a conclusion, which charges "that the defendant, in manner and form aforesaid, then and there feloniously, wilfully and of his malice aforethought, did kill and murder the said Frank Goodhue;" but the facts before stated in the count as constituting the murder, are not so stated as to show in legal language that a murder was in fact committed; the defect being that the assault is not charged to have been made upon the deceased feloniously, wilfully and with malice aforethought. But as the statute provides that it shall not be necessary to set out the manner in which, or the means by which, the death of the deceased was caused, and that it shall be sufficient in an information for murder to charge that the accused did wilfully, feloniously and of his malice aforethought kill and murder the deceased (section 4660, R. S. 1878), the information must, we think, be held good. The omission to so characterize the assault in the statement of the facts as to show that it was a murderous one, is not so inconsistent with the general allegation that the defendant did, by such assault and wounding, wilfully, feloniously and of his malice aforethought kill and murder the deceased, as to destroy the force and effect of such general allegation. In order to avoid the effect of the general allegation, the previous statements must be so inconsistent with the general allegation of

murder, that the latter, based upon such previous statements of fact, must necessarily be false. We do not think the omission mentioned has that effect upon the general allegation, and the count is not bad for that reason.

We do not think there is any force in the objection that the second count is not opened by a repetition of the formal statement that the proper district attorney "further informs the court." It sufficiently appears from the statement made at the beginning of the information, and from the signature of the district attorney at the end thereof, that it is presented by the person authorized by law to prosecute the offense; and that is all that is required in this respect by the statute. Section 4658, R. S.

The defendant having been found guilty of murder in the first degree, if either count in the information is sufficient to authorize such verdict, then it must stand, although there may be one or more other counts in the information which are insufficient in law to uphold such verdict. *State v. Kube*, 20 Wis., 218; *Shannon v. People*, 5 Mich., 71; *People v. McKinney*, 10 Mich., 54.

We think the information sufficient, and, no errors appearing in the record, the judgment of the circuit court must be affirmed.

*By the Court.* — The judgment is affirmed.

CRIMINAL LAW AND PRACTICE.  "*Consent*" *in Rape.*