[In Bank.—January 13, 1883.]

THE PEOPLE, RESPONDENT, v. HERMAN SCHMIDT, APPELLANT.

MURDER—INSUFFICIENCY OF INFORMATION—MALICE AFORETHOUGHT.—Malice aforethought is a necessary ingredient in the crime of murder, and should be alleged in the indictment or information, either expressly or by words equivalent in their import.

APPEAL from a judgment of the Superior Court of Butte County.

The facts are sufficiently stated in the opinion of the court.

*Reardan & Freer*, and *J. C. Gray*, for Appellant.

*A. L. Hart*, Attorney-General, for Respondent.

SHARPSTEIN, J.—The appellant was tried and found guilty of murder of the first degree upon an information which alleged that he committed the crime of murder as follows: " The said Herman Schmidt, on the 24th day of June, 1882, at the county of Butte, and State of California, and before the finding of this information, wilfully, unlawfully and feloniously, did shoot, kill, and murder M. Schmidt, contrary to the form, force, and effect of the statute in such case made and provided, and against the peace and dignity of the people of the State of California."

" Murder is the unlawful killing of a human being with malice aforethought." (Pen. Code, § 187.) Malice aforethought is a necessary ingredient in the crime of murder, and should therefore be alleged in the indictment. (*People* v. *Urias*, 12 Cal. 325; *People* v. *King*, 27 Cal. 507; *People* v. *Bonilla*, 38 Cal. 699.)

" Words used in a statute to define a public offense need not be strictly pursued in the indictment or information, but other words conveying the same meaning may be used." (Pen. Code, § 958.) And in *People* v. *Vance*, 21 Cal. 400, it was held that the words " wilfully, maliciously, feloniously and premeditatedly," were equivalent in their import to " malice aforethought." But the words " maliciously " and " premeditatedly " do not occur in this information, and those are the very words, and the

only words in the indictment in *People* v. *Vance, supra,* which, in our opinion, were equivalent in their import to "malice aforethought." In *People* v. *Steventon,* 9 Cal. 273, the court said: "It is alleged that the defendant at a time and place mentioned, feloniously assaulted, cut, and stabbed the deceased, and inflicted on him one mortal wound, of which mortal wound he on the same day died; this, we think, is a sufficient statement of the facts constituting the offense." By reference, however, to what purports to be a copy of the indictment in the statement of the case, it will be seen that the indictment in that case alleged that the defendants, "in and upon one Abraham Hostetter, feloniously, wilfully, and of their *malice aforethought* did make an assault," etc. So that in that case no question could have been raised as to the omission of the words "malice aforethought," because they were not omitted. And it was not to that question the remarks above quoted were directed.

Bishop says, it is believed that there are no substitutes for the words "malice aforethought" (2 Cr. Procedure, § 335). In this State it has been held that there are, *People* v. *Vance, supra.* But here it is held that words equivalent in their import must be substituted, and in the information before us neither "malice aforethought" nor words equivalent thereto in their import are used. This, according to all the authorities, is a fatal omission, and the judgment must be reversed.

Judgment reversed, and cause remanded for further proceedings.

MORRISON, C. J., THORNTON, J., and ROSS, J., concurred.

A petition for rehearing was denied.