THE STATE v. THURMAN.

1. **Murder:** BY ATTEMPT TO PRODUCE ABORTION: REQUISITES OF INDICTMENT. While an indictment for murder must charge that the killing was done with " malice aforethought," (Code, § 3848,) it is not essential that these identical words be used, but words of the same import may be used instead; and so, where the indictment charged that drugs were administered, and an instrument thrust into the body of the deceased, with the specific intent to produce an abortion, *held* that the language sufficiently charged malice aforethought. Compare *State v. Neeley*, 20 Iowa, 108.

*Appeal from Wayne District Court.*

TUESDAY, SEPTEMBER 22.

THE indictment is for murder in the second degree, and charges that the defendant " did willfully, maliciously and feloniously administer or cause to be taken by one Ella Vaughn, then and there being pregnant with child, a quantity of some noxious drug or substance      *      *      * with the specific intent then and there to produce a miscarriage and abortion of said Ella Vaughn,      *      *      * from the effects of and by reason of said drugs so administered the said Ella died." In a second count it is charged that the abortion was produced by thrusting into the body of Ella Vaughn an instrument, and thereby her death was caused. The defendant, having been found guilty, filed a motion in arrest of judgment, on the ground that it did not appear that the acts causing the death were done with malice aforethought. The motion was overruled, and judgment entered on the verdict, and the defendant appeals.

*Freeland & Miles* and *W. H. Tedford*, for appellant.

*A. J. Baker, Attorney-general*, for the State.

SEEVERS, J.—The statute provides that whoever kills any human being with malice aforethought, either express or

implied, is guilty of murder. Code, § 3848. The indict-ment must therefore charge that the killing was done with malice aforethought; but it is not essential that these identi-cal words be used. It is sufficient if words of the same import are used; or, if from the language used in the indict-ment it clearly appears that malice aforethought is charged, or can without doubt be implied, the indictment is sufficient. It is clearly charged that the drugs were administered, and the act of thrusting the instrument into the body was mali-ciously done. Now, does the indictment charge that the acts were done with malice aforethought; that is to say, does it sufficiently appear that the defendant deliberated and thought before he did the act which caused the death? We think the indictment so charges. The drugs were administered, and the instrument thrust into the body of the deceased, with the specific intent to produce an abortion. This clearly implies previous thought and deliberation. Such an intent could not have been formed or have existed unless it had been contem-plated and deliberated upon before the drugs were adminis-tered. The indictment in this case is not materially different from that in *State v. Neeley*, 20 Iowa, 108, which it was held was sufficient.

AFFIRMED.