Sisson, Plaintiff in error, vs. The State, Defendant in error.

*May 27 — June 21, 1890.*

*Criminal law: Writ of error: Record.*

On a writ of error in a criminal case, where no bill of exceptions has been settled and returned to this court, nothing can be considered except the sufficiency of the information and verdict and the judgment thereon.

ERROR to the Circuit Court for *Winnebago* County.

The cause was submitted for the plaintiff in error on the brief of *Clarke & McAuliffe*, and for the defendant in error on that of the *Attorney General* and *L. K. Luse*, Assistant Attorney General.

Taylor, J. This is a writ of error issued out of this court to the circuit court of Winnebago county, to bring up for review the judgment and proceedings in the case of the state of Wisconsin against the said *Henry Sisson*. The return to the writ of error shows that an information was filed by the district attorney of said county in the circuit

court of Winnebago county on December 21, 1885, charg-
ing the said *Henry Sisson* with a felonious assault upon one
Joseph Alger with intent to murder the said Alger, and in
a second count charging the said *Sisson*, at the same time
and place, with a felonious assault upon the said Alger with
intent to do the said Alger great bodily harm.

There is no contention but that the information charges
in proper form the crime — *first*, of a felonious assault
with intent to murder the said Alger; and, *second*, of a
felonious assault with intent to do great bodily harm to
the said Alger.   The return also shows that the jury re-
turned a verdict in the following language: "We find the
defendant guilty of assault with intent to do great bodily
harm, as charged in the second count in the information."
The record returned also shows that, on the petition of the
defendant, certain witnesses were ordered to be summoned
by the state to give testimony for the defendant on the
trial in said circuit court.   There also appear in said re-
turn certain instructions of the court to the jury in said
action; also, the sentence and judgment of the court upon
the verdict rendered by the jury, adjudging that the de-
fendant be punished by imprisonment in the state prison
at hard labor for the term of one year, and to solitary con-
finement during said term for the space of one day, the
time of sentence to begin January 15, 1886.   The record
returned also contains the certificate of the warden of the
state prison that the plaintiff in error was received into
said prison under said sentence on the 16th day of January,
1886.   The return further contains what purports to be the
evidence taken before the justice of the peace on the pre-
liminary examination before said justice, but none of the
evidence produced upon his trial in the circuit court; and,
finally, the return to the writ contains an affidavit made by
John W. Hume on the 9th day of January, A. D. 1886,
setting forth divers alleged irregularities in the proceedings

Sisson vs. The State.

on the trial, and irregularities in the conduct of the jury; and upon such affidavit and the minutes of said court a motion was made in writing on the same day to set aside the verdict and for a new trial, alleging various errors and irregularities on the trial and in the proceedings in said action. Whether this motion was ever presented in fact to the court, or whether any decision was made by the court upon such motion, does not appear from the return to said writ.

There is no bill of exceptions attached to or made a part of the return to such writ of error, and none appears to have been made or settled and returned to this court. There is nothing, therefore, for this court to pass upon except the sufficiency of the information and the sufficiency of the verdict, and the judgment thereon. No complaint is made as to the sufficiency of the information, the verdict, or the judgment thereon. See *Chase v. State,* 50 Wis. 510, 512. None of the questions raised and discussed by the learned counsel in their briefs in this action are properly before this court upon the record of the case as returned to this court. It is said in their brief that, after the jury were impaneled and sworn, the defendant, by his counsel, asked that the district attorney be required to elect upon which count of the information he would proceed to trial, and that such motion was denied and exception taken. The record, as returned to this court, does not disclose that any such motion was made on the trial, or that the court overruled such motion. This court cannot, upon this hearing, pass upon the question whether the court should or should not have compelled the district attorney to elect upon which of the two counts he would proceed to trial against the defendant. As to what the rule is in such cases, see *State v. Fee,* 19 Wis. 562, 565.

*By the Court.*— The judgment of the circuit court is affirmed.