[Crim. No. 506. Department One.—February 1, 1900.]

## THE PEOPLE, Respondent, v. OSCAR STERNBERG, Appellant.

CRIMINAL LAW—ROBBERY—SUFFICIENCY OF EVIDENCE—CORROBORATION OF DEFENDANT—PROVINCE OF JURY.—Upon a trial for robb ry, where the testimony of the prosecuting witness, if believed by the jury, is sufficient to sustain a conviction, the fact that the testimony of the defendant, in conflict with that of the prosecuting witness, is corroborated by another witness, is not ground for setting aside the verdict. The jury are not bound to decide in conformity with the declarations of any number of witnesses which do not produce conviction in their minds against a less number, or against a presumption or other evidence satisfying to their minds.

ID.—MODIFICATION OF REQUESTED INSTRUCTION—DANGER CONNECTED WITH VERDICT—MATTER OF COMMON KNOWLEDGE.—Where the testi-

mony as to the robbery was direct and not circumstantial, a requested instruction that the jury must consider that innocent persons have been convicted, and consider the danger of convicting an innocent person in weighing the testimony to determine whether there is a reasonable doubt, is not improperly modified by adding that they must also consider that guilty persons have been sometimes acquitted, and consider the danger to society of acquitting a guilty person. The instruction and the modification do not constitute propositions of law, but merely direct the jury to consider matter of common knowledge.

ID.—INSTRUCTION AS TO DISTRUST OF FALSE WITNESS — EXPLANATORY REMARKS.—An instruction upon the subject of the distrusting of a witness in other parts of his testimony, who is false in one part thereof, is not made erroneous by explanatory remarks as to what is meant by the rule, where there is nothing in such remarks contrary to law or prejudicial to the defendant.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. William T. Wallace, Judge.

The facts are stated in the opinion of the court.

Henry U. Brandenstein, for Appellant.

Tirey L. Ford, Attorney General, and A. A. Moore, Jr., Deputy Attorney General, for Respondent.

VAN DYKE, J.—The defendant was informed against by the district attorney of the city and county of San Francisco of the crime of robbery. He was tried, convicted, and sentenced to a term of twenty years in the state prison. He appeals from the final judgment of conviction and from the order denying his motion for a new trial.

1. The first point of contention on the part of the appellant is that the verdict is against law by reason of the insufficiency of the evidence upon which the defendant was convicted. Johnson, the person robbed, testified that on February 21, 1898, he was, with several others, including the defendant, drinking in a saloon in the city and county of San Francisco, called the "City of Gottenberg." That he, Johnson, the defendant, and a party unknown to him, Johnson, left the saloon together and started for the bay shore, and while on the way the defendant threw his arm around the neck of the complaining witness,

Johnson, at the same time holding his hand over his mouth, and with the other hand took from the pockets of the complaining witness twenty-five dollars. Johnson was positive not only as to the robbery, but as to the identity of the person who robbed him, to wit, the defendant. The defendant testified that he did not leave the saloon with Johnson and did not commit the robbery, and he was corroborated on the point of not leaving the saloon with Johnson by a woman employed in the saloon.

The jury are not bound to decide in conformity with the declarations of any number of witnesses, which do not produce conviction in their minds, against a less number or against a presumption or other evidence satisfying their minds.

As said in *People v. Vance,* 21 Cal. 400: "We do not interfere with the province of the jury. There must be such overwhelming evidence against the verdict as to justify the inference that it was rendered under the influence of passion, or prejudice, or bias of some kind, to justify any interference on our part with the action of the jury."

In *People v. Williams,* 59 Cal. 674, it is said: "It is a cardinal principle in the administration of criminal law that the province of weighing the evidence belongs exclusively to the jury, and if this court can find, from an inspection of the record, that there was, in the whole evidence of the case, enough to justify the conclusion arrived at by the jury, the judgment of the court below will not be disturbed." This doctrine has been announced so frequently and in so many cases that it is quite unnecessary to review them here.

2. The second contention of the appellant is that the court erred in modifying the fifth instruction requested by the defendant. The fifth instruction, as requested, reads as follows: "You are instructed that you must consider that innocent persons have been convicted, and you must further consider the danger of convicting an innocent person in weighing the testimony to determine whether there is a reasonable doubt of the defendant's guilt." The court gave the instruction as asked, and added: "That is true, gentlemen; but you are also instructed that you must consider that guilty persons have sometimes been acquitted, and you must consider the danger

to society of acquitting a guilty person." The court proceeded further to state that the jury must decide the case upon the testimony, without being deterred from doing their duty according to law. It is, however, the quoted portions of the judge's comment upon the instruction that the appellant takes exception to, stating that it neutralizes or nullifies the effect of the instruction given.

Neither the instruction asked nor the comment of the judge upon giving the same, which is complained of, constitutes a proposition of law. They simply state what is common knowledge, to wit, that, in the history of jurisprudence, it appears that innocent persons have sometimes been convicted, also that guilty persons have more frequently escaped conviction.

In certain cases it might not be amiss to call the attention of the jury to the danger of convicting innocent persons, by way of reminding them to examine and weigh the evidence with more caution, if possible, than in ordinary cases. *People v. Travers*, 88 Cal. 233, was a case of circumstantial evidence, as well as *People v. Cronin*, 34 Cal. 191, referred to in that case. The court say in *People v. Travers, supra:* "In the Cronin case the court, in its instruction on this point, after stating the fact that counsel for defendant had, as in the case at bar, alluded to cases where upon circumstantial evidence innocent men had been convicted, told the jury, among other things, that 'the quotation of such cases is proper in order to make the jury careful in arriving at the proper conclusion from such [circumstantial] evidence.' But in the case at bar the court told the jury: 'You are not justified in considering such matters.' "

This case is relied upon by appellant. There the court refused to allow the suggestion in the instruction that innocent men had been convicted, although the case depended upon circumstantial evidence. Here the testimony is direct and is not circumstantial; besides, the court gave the instruction with the qualification and comment already stated. The two cases, therefore, are altogether different.

In the later case of *People v. Ebanks*, 117 Cal. 652, the defendant asked the court to give the following instructions: "The jury are instructed that if there is any one single fact proved to the satisfaction of the jury, by a preponderance of evidence,

which is inconsistent with the guilt of the defendant, it raises a reasonable doubt, and the jury should acquit the defendant."

"You are instructed that it is the settled policy of the law that a person charged with a crime must be acquitted unless the evidence in the case establishes his guilt beyond all reasonable doubt, and it is better that a hundred guilty persons escape punishment than that one who is innocent be punished."

The court refused both said instructions, and on appeal to this court, in its opinion in Bank, says: "The meaning of the first of these instructions is involved in doubt, and the final clause of the second instruction is uncalled for"; and the court called attention to the fact that the whole doctrine of reasonable doubt had been fully and properly laid before the jury by the court in its instructions, adding: "The instructions, taken as a whole, are quite as favorable to the defendant as the facts and law will warrant," and affirmed the judgment.

3. It is further contended on the part of appellant that the court erred in modifying the fourth instruction requested by the defendant, which reads as follows: "You are instructed that a witness false in one part of his testimony is to be distrusted in others. If, therefore, the prosecuting witness, John Johnson, is false in any part of his testimony the other parts of his testimony are to be distrusted by you." The transcript does not show that this instruction was modified, but it contains remarks by way of explanation as to what is meant when it is said "that a witness false in one part of his testimony is to be distrusted in others." There is nothing in such remarks contrary to law or prejudicial to the defendant.

The instructions given by the court were quite full, and the court repeated in closing, "Now, you are not to convict the defendant of any offense unless you are satisfied that he is guilty of that offense—satisfied of it to a moral certainty and beyond all reasonable doubt."

The instructions, taken as a whole, are quite as favorable to the defendant as the facts and law warranted.

The judgment and order denying a new trial are affirmed.

Garoutte, J., and Harrison, J., concurred.

Hearing in Bank denied.