STATE OF IOWA, Appellant, v. MARTHA GIBBONS.

**Murder:** SUFFICIENCY OF INDICTMENT: MALICE AFORETHOUGHT.  In charging murder in the second degree it is not necessary to allege in express words that the acts committed and resulting in death were done with malice aforethought, as well as in charging the killing; it will be sufficient if, in describing the crime, it clearly appears that the acts were done with deliberation.  So that an indictment charging that defendant feloniously administered drugs to a pregnant woman with intent to produce a miscarriage, which was accomplished, and that he willfully, feloniously, maliciously, deliberately and with malice aforethought murdered her, charges murder in the second degree.

*Appeal from Fayette District Court.*—HON. A. N. HOBSON, Judge.

WEDNESDAY, APRIL 7, 1909.

DEFENDANT was charged in the indictment with causing the death of a pregnant woman by administering to her drugs, and using upon her an instrument for the purpose of producing. a miscarriage; said miscarriage not being necessary to save her life.  The court ruled that the indictment charged only the administration of a drug and the use of an instrument with intent to produce the miscarriage of a pregnant woman, and not the crime of murder in the second degree.  The defendant was thereupon tried for the unlawful attempt to produce a miscarriage and was acquitted.  The State appeals.—*Reversed.*

*H. W. Byers,* Attorney General, *Chas. W. Lyon,* Assistant Attorney General, and *James Cooney,* County Attorney, for the State.

*Loren Risk, E. J. O'Connor,* and *Clements & Esty,* for appellee.

McClain, J.—The ruling of the trial court that the indictment did not charge murder in the second degree was made when the prosecution offered to show the dying declaration of the woman whose death was alleged to have resulted from the attempt to procure an abortion, holding that, as the indictment was not sufficient to sustain a conviction for murder, dying declarations were not admissible. This ruling was prejudicial to the prosecution, for the result was not only to relieve the defendant from punishment for the higher crime, but also to make it more difficult by reason of the exclusion of dying declarations to convict for any crime.    The sufficiency of the indictment to charge murder in the second degree is the only question submitted and the only one which we have occasion to consider.

The charging part of the indictment states:

That Martha Gibbons at and within said county on the 16th day of January, A. D. 1908, did wilfully and feloniously administer to one Mrs. John Weaver, she being then and there a pregnant woman, some medicine, drugs or substance, the exact name and character of which is to the grand jury unknown, and did then and there use a certain instrument, the name and particular description of which is to the grand jurors unknown, with the intent then and there to unlawfully produce miscarriage on the person of her, the said Mrs. John Weaver; said miscarriage not being necessary to save the life of the said Mrs. John Weaver. That the said defendant in the manner aforesaid in Fayette County, Iowa, on the 11th day of January, 1908, by and with the use of said drug and substance, and the use of said instrument aforesaid, did produce a miscarriage on the body and person of said Mrs. John Weaver, which miscarriage was not necessary to save the life of the said Mrs. John Weaver.    That defendant by said miscarriage did on the 25th day of

January, 1908, in Fayette County, State of Iowa, cause
the death of said Mrs. John Weaver, and the said de-
fendant did then and there in the manner aforesaid, by
causing said miscarriage, wilfully, feloniously, maliciously,
deliberately and with malice aforethought kill and murder
the said Mrs. John Weaver, contrary to the statute in such
case made and provided, and against the peace and dignity
of the State of Iowa.

The objection to the indictment as a charge of murder
in the second degree is that the act is not alleged to have
been done with malice aforethought; for, while it is said
by way of conclusion that the defendant did with malice
aforethought kill and murder the person named; it is not
said that the attempt to procure a miscarriage by means of
drugs or instruments was made with malice aforethought.
The crime of murder in the second degree necessarily in-
volves an act done with malice aforethought. Code, section
4727. But that term used in defining the crime is tech-
nical rather than descriptive. It does not necessarily re-
quire an intent to murder. Malice aforethought may be
implied where there is no intent to kill, but an intent to
commit a felony from which death results, although that
result is unintended. That death resulting from a crimi-
nal attempt to commit an abortion constitutes murder in
the second degree is in this State well settled. *State v.
Moore,* 25 Iowa, 128; *State v. Leeper,* 70 Iowa, 748. It
is conceded that, if the term with "malice aforethought"
had been used as describing the acts done as well as in
charging the killing, then the indictment would have been
sufficient to sustain a conviction for the second degree of
murder.

Some courts have adhered with great strictness to the
common-law requirement that the very words used in the
statute to define murder shall be embodied in the indict-
ment. See, for example, *McElroy v. State,* 14 Tex. App.,
235; *Witt v. State,* 6 Cold. (Tenn.), 5. But the rule is

usually stated as requiring these words or at least their equivalent. 2 Bishop, New Criminal Procedure, section 544. And there is good authority outside of our own State for saying that, if the act is so charged as to necessarily constitute murder, the exact form of words is immaterial. *People v. Vance,* 21 Cal. 400; *People v. Schmidt,* 63 Cal. 28; *Edwards v. State,* 25 Ark., 444; *Chase v. State,* 50 Wis., 510 (7 N. W., 376). In a case exactly parallel with the one before us as to the acts charged and the language in which the charge is made, this court has held that the omission of the specific words "malice aforethought" is immaterial, and that defendant may be convicted for murder in the second degree. *State v. Thurman,* 66 Iowa, 693. This case was probably not called to the attention of the trial judge, as it is not cited by counsel for the State in argument here, but it seems to be conclusive on the question, and we therefore without hesitation find that the trial judge erred in not allowing the prosecution to proceed on the charge of second-degree murder which the indictment was unquestionably framed to present. As this error led to the exclusion of evidence which would have been competent had the defendant been tried on that charge, the judgment must be reversed; but, as the defendant has been acquitted, no further proceedings can be had.—*Reversed.*