STATE of Iowa, Appellee,

v.

David Lee WILLIAMS, Appellant.

No. 57442.

Supreme Court of Iowa.

Dec. 18, 1974.

Sidney E. Drake, Centerville, for appellant.

Richard C. Turner, Atty. Gen., Raymond Sullins, Asst. Atty. Gen., and Thomas L. Anders, County Atty., for appellee.

Heard by MOORE, C. J., and LeGRAND, REES, HARRIS and McCORMICK, JJ.

McCORMICK, Justice.

Defendant appeals his conviction and sentence upon a plea of guilty to larceny of a motor vehicle in violation of Code § 321.82. The sole question presented is whether the trial court established in the record a factual basis for the guilty plea before entering judgment as required by State v. Sisco, 169 N.W.2d 542 (Iowa 1969). We reverse in part and remand with directions.

We have repeatedly pointed out that when a guilty plea is tendered the trial judge must personally address the defendant to determine whether (1) he understands the charge, (2) is aware of the penal consequences of the plea, and (3) the plea is entered voluntarily. The judge must also (4) make an inquiry on the record, by an appropriate method, to satisfy himself there is a factual basis for the plea. See Ryan v. Iowa State Penitentiary, Ft. Madison, 218 N.W.2d 616 (Iowa 1974).

In this case the record discloses an extensive colloquy between the trial judge and defendant relating to the first three requisites. Unfortunately the only showing in the record relating to the fourth requisite is the following inquiry:

THE COURT: Are you familiar with the events out of which this charge arose? It is alleged to have happened on the 14th day of March 1974, and further involved a black/white four door hardtop sedan license number 4–4448 being the property of Donna L. Jennings. Are you familiar with the events out of which the charge arose?

THE DEFENDANT: Yes.

This inquiry falls far short of serving as a predicate for determining the accuracy of defendant's plea. See Brainard v. State, 222 N.W.2d 711 (Iowa 1974); State v. Hansen, 221 N.W.2d 274 (Iowa 1974); Ryan v. Iowa State Penitentiary, Ft. Madison, supra, and citations; United States v. Untiedt, 479 F.2d 1265 (8 Cir. 1973).

Although defendant contends his conviction should be set aside and he be permitted to plead anew, we have held the proper remedy is to set aside the judgment and remand the case for further proceedings in which the trial court will entertain the required showing of a factual basis. If a satisfactory showing is not made, the plea is to be set aside. If the showing is made, the court may pronounce judgment. Ryan v. Iowa State Penitentiary, Ft. Madison, supra; see State v. Marsan, 221 N.W.2d 278 (Iowa 1974).

In Ryan we recognized three methods for determining that a factual basis exists for a guilty plea: (1) inquiry of the defendant, (2) inquiry of the prosecutor, and (3) examination of the presentence report. In Hansen and Marsan we recognized that the judge may also refer to the minutes of testimony attached to the indictment or county attorney's information. It is essential, whatever source is used, that

the factual basis be identified and disclosed in the record. The preferable method would be for the judge to ask the defendant, "What did you do?" See State v. Hansen, supra, 221 N.W.2d at 276.

We also add a caveat regarding reliance upon minutes of testimony attached to an indictment or county attorney's information. Sometimes, as in this case, they contain only the barest conclusory recitals and would be inadequate as a sole predicate for determining a factual basis for each element of the charge. Cf. United States v. Untiedt, supra.

In the many cases we have decided in which guilty pleas have been challenged under the *Sisco* standards we have had much to say about the responsibilities of trial courts but little to say about responsibilities of counsel. We believe this is an appropriate case to comment on the duties of the prosecutor and defense counsel in guilty plea proceedings.

These proceedings constitute the major part of the business of the criminal side of the district court. The court administrator's statistical report to this court for 1973 reveals that 90.1 percent, 11,163 of the 12,-384 filed indictable criminal cases disposed of during that year, were disposed of without trial. 1973 Report Relating to the Courts of the State of Iowa, p. 57. It is probable that most of these non-trial dispositions resulted from convictions upon guilty pleas.

The prosecutor and defense counsel are not mute participants in guilty plea proceedings. As an officer of the court and representative of the public, the prosecutor has a responsibility to ensure, insofar as he is capable, that the proceedings are legally adequate. As an officer of the court and representative of the defendant, the defense lawyer has a responsibility to ensure that the record shows the plea of his client is intelligent, voluntary, and accurate.

Defendant in this case was represented by different counsel in the guilty plea proceeding. The record shows the trial judge asked defense counsel, " * * * [A]s attorney for the defendant and based upon your knowledge of the matters herein involved, do you recommend the defendant's plea of guilty be accepted by the Court?" Counsel responded, "Yes, sir, I do." Of course, we have no way of knowing whether defense counsel was then aware of the deficiency in the proceeding, but, if he was, he had a duty to point it out. A lawyer does not serve his client's interest nor meet his professional responsibility if he knowingly permits his client to be convicted and sentenced upon an inadequate record. A victory on appeal is small solace to a defendant who has suffered penal consequences of a judgment which is later set aside as defective.

Similarly, if the prosecutor is aware of a deficiency he has a duty to point it out. A prosecutor does not serve the public interest nor meet his professional responsibility if he knowingly permits a defendant to be convicted and sentenced upon an inadequate record. The public and its representatives in the judicial system have no interest in obtaining unjust convictions.

Judgment in this case is reversed, and the case is remanded for hearing and determination on the factual basis issue.

Reversed in part and remanded with directions.