STATE of Iowa, Appellee,

v.

Elmer D. VOGEL, Appellant.

No. 2–57077.

Supreme Court of Iowa.

April 16, 1975.

Sidney C. Levine, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Earl W. Roberts, Asst. Atty. Gen., and Robert C. Stewart, County Atty., for appellee.

Heard before MOORE, C. J., and RAWLINGS, LeGRAND, HARRIS and McCORMICK, JJ.

RAWLINGS, Justice.

Charged with aiding in concealing stolen property defendant, Elmer D. Vogel, entered a guilty plea and appeals from judgment entered thereon. We reverse and remand.

June 17, 1971, a preliminary information was filed charging defendant had concealed stolen property in violation of Section 712.1, The Code 1971.

November 17th, after hearing, Vogel was held to answer.

September 1, 1972, county attorney's information (six counts) was filed charging, in essence, defendant had purchased, received or aided in concealing stolen property.

September 14, 1973, Vogel moved to dismiss said information because it had not been timely filed. Code § 795.1.

After this motion had been overruled Vogel entered a not guilty plea.

September 24th trial commenced. Prior to taking of testimony, Count One of the information was amended thereby charging defendant aided in concealing stolen property. After the State's first witness had testified, in chief, defendant withdrew his not guilty plea and entered a plea of guilty to amended Count One.

December 18th judgment was entered.

In support of a reversal defendant contends trial court erred in (1) overruling his motion to dismiss the county attorney's information; (2) accepting his guilty plea since no determination was made as to (a) voluntariness thereof, (b) existence of a factual basis, (c) absence of advice regarding penal consequences of the plea; and (3) denying defense counsel leave to examine a presentence report.

In light of our holding on this appeal such of the foregoing issues as may again arise on remand will be now entertained.

 I. Defendant first contends his dismissal motion should have been sustained because he was not charged by information within 30 days after having been held to answer. See Code §§ 795.1, 773.42.

Vogel was at all times represented by counsel, free on bail, and made no demand for a speedy indictment. See State v. Lindloff, 161 N.W.2d 741, 743 (Iowa 1968); State v. Houston, 261 Iowa 1369, 1373–1374, 158 N.W.2d 158 (1968). Furthermore, defendant was neither held to answer after April 25, 1973, nor did he, in trial court, question validity of the demand-waiver rule. See State v. Nelson, 222 N.W.2d 445, 447 (Iowa 1974).

Defendant's first contention affords him no basis for reversal.

II. As previously disclosed, Vogel also avers the proceedings upon which his guilty plea was accepted were so fatally defective as to negate the judgment entered.

 (A) He first argues trial court did not determine said plea was voluntarily entered. In this vein it is contended defense counsel and the prosecuting attorney had entered into a plea bargain agreement, i. e., if defendant pled guilty to Count One of the information, other related charges would be dismissed and probation recommended by the prosecutor.

Noticeably, however, nothing in the record substantiates such assertion. Rather, defendant here attempts to support his claim by way of affidavits separate and apart from the record. We accord no consideration to a showing thus made. See State v. Johnson, 222 N.W.2d 453, 455–456 (Iowa 1974).

 (B) It is next contended no factual foundation was revealed upon which trial court could determine the propriety of a guilty plea. This is the record in that area:

"THE COURT: Now, Mr. Vogel, before accepting your plea of guilty to this charge, count one of the information, the court wishes to inquire . . .

"Count one of the information as amended charges that you, Elmer D. Vogel, in the county and state aforesaid, did on June 17, 1971, aid in concealing property belonging to Hobson Truck Sales of Peoria, Illinois, worth more than $20.00 to-wit one 1967 Diamond T. truck VIN number EK 633HC 569072 knowing said truck had been stolen.

"Now the court wishes to ask you did you aid in concealing this property known as this 1967 Diamond T truck with the number which the court has just read to you? DEFENDANT: Yes.

"THE COURT: And did you know that said truck had been stolen? DEFENDANT: Yes.

"THE COURT: And did this occur on or about June 17th, 1971? DEFENDANT: Yes.

"THE COURT: In the County of Decatur and State of Iowa? DEFENDANT: Yes."

In brief, Vogel acknowledged he knew the involved truck had been stolen and admitted having participated in concealing the vehicle.

The foregoing sufficed as a factual basis upon which trial court could determine acceptability of defendant's guilty plea. See Ryan v. Iowa State Penitentiary, Ft. Madison, 218 N.W.2d 616, 617–620 (Iowa 1974); State v. Quinn, 197 N.W.2d 624 (Iowa 1972). Compare State v. Williams, 224 N.W.2d 17, 18–19 (Iowa 1974).

■ (C) We now focus upon the claimed absence of inquiry by trial court regarding defendant's knowledge as to the penal consequences of his guilty plea.

A search of the entire record reveals Vogel was not in any manner alerted to the penalty which attended his plea. In this regard trial court erred. See Brainard v. State, 222 N.W.2d 711, 715 (Iowa 1974); State v. Reppert, 215 N.W.2d 302, 307 (Iowa 1974); State v. Sisco, 169 N.W.2d 542 (Iowa 1969); cf. State v. Dowis, 224 N.W.2d 467, 468–469 (Iowa 1974).

On the issue here entertained we reverse and remand with instructions (1) the sentence to be set aside; (2) defendant be allowed to withdraw his guilty plea; and (3) there be further appropriate proceedings. See State v. Fisher, 223 N.W.2d 243, 246 (Iowa 1974) and citations; Brainard v. State, 222 N.W.2d at 713, 719; State v. Reppert, 215 N.W.2d at 307–308.

By virtue of the above holding the remaining error assigned need not be considered.

Reversed and remanded with instructions.