**STATE of Iowa, Appellee,**

v.

**Orval L. JOHNSON, Appellant.**

**No. 56565.**

Supreme Court of Iowa.

Nov. 12, 1975.

James M. Sullivan, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., William B. Scherle, Asst. Atty. Gen., and Ray A. Fenton, Polk County Atty., for appellee.

Submitted to MOORE, C. J., and RAWLINGS, LeGRAND, REES and McCORMICK, JJ.

LeGRAND, Justice.

Defendant asserts his guilty plea was defective because the trial court failed to ascertain, first, that he understood the penal consequences thereof and, next, that there was a factual basis for it. We conclude there is merit in defendant's argument and, accordingly, the judgment must be set aside.

When defendant entered his plea, the following colloquy took place:

"THE COURT: The charge seems to be that on or about the 18th day of December you cashed a check at Target South of $148.81, which is a forgery.

"MR. JOHNSON: Yes, sir.

"THE COURT: Are you pleading guilty to that?

"MR. JOHNSON: Yes, sir.

"  *    *    *

"THE COURT: In other words you understand that there is a penalty connected with this?

"MR. JOHNSON: Yes, sir.

"THE COURT: And you have discussed all these matters with your attorney?

"MR. JOHNSON: Yes, sir, I have."

We hold this record to be deficient in both of the respects heretofore set out. See *State v. Sisco*, 169 N.W.2d 542, 547–548 (Iowa 1969).

I. We held in *State v. Reppert*, 215 N.W.2d 302, 307 (Iowa 1974) defendant need not learn the penalty for the charge from the judge if the record shows he had knowledge concerning that matter from other sources. Here there is no such showing. The State argues defendant had pled guilty to the same charge on other occasions and therefore may be assumed to know what penalty attached to the offense. We do not believe this satisfies the requirement in *Sisco* that the defendant know the penalty to which he is subject. (169 N.W.2d at 547). *See State v. Vogel*, 228 N.W.2d 8, 10 (Iowa 1975); *State v. Reppert, supra*, 215 N.W.2d at 307.

II. Neither does the record show any factual basis for the plea. The trial court may ascertain that a factual basis for a guilty plea exists by (1) inquiry of the defendant; (2) inquiry of the prosecutor; (3) examination of the presentence report; or (4) reference to the minutes of testimony. Whatever the source, the record must disclose the factual basis relied on. *State v. Greene*, 226 N.W.2d 829, 831 (Iowa 1975); *State v. Williams*, 224 N.W.2d 17, 18–19 (Iowa 1974); *Ryan v. Iowa State Penitentiary*, 218 N.W.2d 616, 618–620 (Iowa 1974). The record here makes no such showing.

III. Defendant also complains because the trial court made no determination of his competency to enter a guilty plea. Defendant had requested a psychiatric examination. His request was granted. The record does not disclose if the examination ever took place nor the results, if it did.

We do not believe this alone raises a reasonable doubt as to his competency. Upon remand the trial court should, as in all cases, make certain defendant is competent to enter a plea. *Cf. State v. Walton,* 228 N.W.2d 21, 24 (Iowa 1975).

IV. We reverse the judgment and remand with instructions (1) the sentence be set aside; (2) defendant be permitted to withdraw his guilty plea; and (3) there be further appropriate proceedings. *State v. Vogel, supra,* 228 N.W.2d at 10 and citations.

Reversed and remanded with instructions.