STATE of Iowa, Appellee,

v.

David OHNEMUS, Appellant.

No. 58999.

Supreme Court of Iowa.

May 25, 1977.

Robert H. Laden, Hyland & Laden, P.C., Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Jim P. Robbins, Asst. Atty. Gen., John W. Criswell, County Atty., for appellee.

Heard by MOORE, C. J., and RAWLINGS, REES, REYNOLDSON, and HARRIS, JJ.

RAWLINGS, Justice.

Trial court accepted defendant's guilty plea to charge of entering a dwelling in the nighttime with intent to commit a public offense. He appeals from judgment attendantly entered. We reverse.

The instantly involved events allegedly occurred January 1, 1975, at the Jim Tyler mobile home in Warren County. Other relevant facts will be set forth as they relate to issues here presented.

In support of a reversal defendant, David Ohnemus, contends his guilty plea was fatally deficient because trial court failed to (1) understandably advise him regarding the offense charged or to explain the nature thereof and (2) adequately determine existence of a factual basis for the plea. These assignments will be considered in the order presented.

I. We are satisfied defendant's first contention has merit.

At least twice in the plea proceedings trial court made it clear the charge involved was the "included offense of entering a dwelling house in the nighttime with intent to commit a public offense".

But the record clearly reveals no inquiry was at any time made by trial court as to the essential "intent" element of the stated offense. See *State v. Fetters,* 202 N.W.2d 84, 91 (Iowa 1972).

Further in this regard, our review also discloses Ohnemus never made any statement which even minimally manifested his alleged entry was effected with the *intent* to then and there perpetrate a public offense. Conversely, in the course of a colloquy between trial judge and defendant, the latter stated: "I had no intentions of harming anybody when I went out there (to the Tyler home). I was stabbed twice by Jim Tyler and he definitely would have gotten me again. I didn't want to go, but I was drunk and I was talked into it." This alone should have alerted trial court to the need for further exploration and explanation of the vital "intent" factor. Surely defendant's statement, *supra,* was as much a part of his plea as uttering the word "guilty".

In light of the foregoing, this apt statement in *Henderson v. Morgan,* 426 U.S. 637, 646, 96 S.Ct. 2253, 2258, 49 L.Ed.2d 108 (1976) is initially brought into play:

"There is nothing in this record that can serve as a substitute for either a finding after trial, or a voluntary admission, that respondent had the requisite intent. Defense counsel did not purport to stipulate to that fact; they did not explain to him that his plea would be an admission of that fact; and he made no factual statement or admission necessarily implying that he had such intent. In these circumstances it is impossible to conclude that his plea to the unexplained charge * * * was voluntary."

Then too, as noted in *United States ex rel. Crosby v. Brierley,* 404 F.2d 790, 801 (3d Cir. 1968):

"When Crosby's testimony introduced the element of self-defense, an infirmity crept into the plea of guilty. The articulation of the defendant's words 'guilty generally' signified a formal confession of guilt as a matter of law equivalent to a jury verdict of guilty, (authority cited), but the words he used to describe the incident contravened this formal confession. His testimony injected the doctrine of self-defense and thereby created an issue of fact. (authorities cited)."

Manifestly, trial court did not so advise defendant that he possessed an understanding of the law in relation to the facts. See *McCarthy v. United States,* 394 U.S. 459, 466–467, 89 S.Ct. 1166, 1171, 22 L.Ed.2d 418 (1969); *Hoskins v. State,* 246 N.W.2d 266, 267 (Iowa 1976); *State v. Buhr,* 243 N.W.2d 546, 549–550 (Iowa 1976), and citations; *State v. Greene,* 226 N.W.2d 829, 831 (Iowa 1975); A. Bishop, Guilty Pleas in the Northern Midwest, 25 Drake L.Rev. 360, 376 (1975). Therefore, it cannot be said defendant's guilty plea was voluntarily and intelligently entered. See *Boykin v. Alabama,* 395 U.S. 238, 242–244, 89 S.Ct. 1709, 1711–1713, 23 L.Ed.2d 274 (1969).

Trial court erred in accepting and entering judgment upon defendant's guilty plea. This alone mandates a reversal.

II. Closely related to the foregoing, however, is defendant's second assignment regarding absence of a shown factual basis for the controverted guilty plea. See *Brainard v. State,* 222 N.W.2d 711, 713 (Iowa 1974), and citations.

As explained in *Brainard,* at 713–714, the *State v. Sisco,* 169 N.W.2d 542 (Iowa 1969) guidelines have two fundamental purposes. One of those significantly relates to the need for guilty plea proceedings to be made of record so there may be appropriate appellate review.

During the presently involved proceedings, trial court and defendant engaged in this interchange:

"THE COURT: This indictment charges you with the crime involving the burglary charge that occurred at the Jim Tyler trailer house on the early morning hours of January 1, 1975, and *you also testified in the case of State of Iowa vs. William Halterman and did as the Court recalls substantiate to a large degree most of the testimony of the State's witnesses* except for the contention on your part that the door of the trailer house

was open at all times and that there was no force exerted by you or anyone else with you to gain entrance to that trailer house, is that correct? -

"MR. OHNEMUS: That is correct.

"THE COURT: And you did take part in this fight at the Jim Tyler house?

"MR. OHNEMUS: Yes, I did."

Noticeably, the above italicized verbiage constituted a resort by trial court to assumptions not of record. That in turn means we are left to speculate regarding undisclosed testimonial facts relied on below. See *McCarthy v. United States,* 394 U.S. at 467–472, 89 S.Ct. at 1171–1174.

■ This does not mean the instantly involved proceedings should have been cluttered with a verbatim recitation of defendant's testimony in the separate Halterman case. But the salient portions thereof might better have been summarized of record followed by appropriate inquiry directed to defendant as to the accuracy or inaccuracy thereof.

In any event, trial court would have been well advised to solicit from defendant a record statement as to just what he did in connection with the alleged Tyler home entry and events which there transpired. See *McCarthy v. United States,* 394 U.S. at 467, 89 S.Ct. at 1171; *State v. Greene,* 226 N.W.2d at 831, citing *State v. Hansen,* 221 N.W.2d 274, 276 (Iowa 1974); ABA Standards Relating to Pleas of Guilty, § 1.6 and Commentary at 32–34 (Approved Draft 1968).

Even more elusive is trial court's recondite reference to defendant's presence during proceedings related to Steve Jamison in a preceding cause. In this vein, we have said no two cases involving guilty pleas are exactly alike. See *Brainard v. State,* 222 N.W.2d at 723. See also 25 Drake L.Rev. at 365–366.

Although the presiding judge was satisfied there existed a factual basis for defendant's guilty plea, the record before us leaves too much wanting for purpose of a knowledgeable appellate review. See *Brainard v. State,* 222 N.W.2d 713–714.

More specifically, there is no affirmative showing upon which to now determine acceptance of defendant's guilty plea was factually justified or proper. See *Brady v. United States,* 397 U.S. 742, 748, 90 S.Ct. 1463, 1468–1469, 25 L.Ed.2d 747 (1970); *Boykin v. Alabama,* 395 U.S. at 242–243, 89 S.Ct. at 1711–1712; *Brainard v. State,* 222 N.W.2d at 722–723.

This case is reversed and remanded with instructions to (1) set aside the judgment heretofore entered; (2) permit withdrawal of defendant's guilty plea; and (3) pursue further appropriate proceedings. See *State v. Vogel,* 228 N.W.2d 8, 10 (Iowa 1975).

REVERSED AND REMANDED WITH INSTRUCTIONS.

All Justices concur except HARRIS, J., who concurs specially.

HARRIS, Justice (concurring specially).

I feel obliged to express my belief this case can easily be distinguished from *State v. Reaves,* 254 N.W.2d 488 (Iowa 1977) (filed this date). Here the assurances of defense counsel that he had advised defendant of his rights satisfy the requirements of *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). However defendant's later denial of any criminal intent was in contradiction of counsel's assurances. Under the circumstances I agree the trial court should have made further inquiry to determine if defendant was aware of the element of intent. See *Henderson v. Morgan,* 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976). I therefore concur.