STATE of Iowa, Appellee,

v.

Ronald Eric VEVERKA, Appellant.

No. 61131.

Supreme Court of Iowa.

Nov. 22, 1978.

John C. Wellman, Offender Advocate, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., J. Susan Carney, Asst. Atty. Gen., Dan L. Johnston, County Atty., and Terry Wright, Asst. County Atty., for appellee.

Considered by REES, P. J., and McCORMICK, ALLBEE, McGIVERIN and LARSON, JJ.

McGIVERIN, Justice.

Defendant Ronald Eric Veverka appeals his conviction on five counts of first degree murder in violation of Section 690.2, The Code, 1975. In seeking a reversal and new trial, defendant raises three issues involving trial court rulings and claims ineffective assistance by trial counsel. We affirm the trial court.

Defendant's jury trial convictions were under the felony-murder provision of Section 690.2 and arose from a fire of February 9, 1977, at the Coronado Apartments in Des Moines in which five persons died. The indictment charged defendant with five counts of murder, which allegedly occurred during the perpetration of the felony of arson in the Coronado Apartment building.

Defendant appeals on four grounds: (1) that trial court erred in overruling a motion for directed verdict challenging the sufficiency of the evidence to establish the essential elements of the crime beyond a reasonable doubt; (2) that trial court abused its discretion in overruling defendant's motion for new trial based on newly discovered evidence; (3) that trial court erred in failing sua sponte to instruct on lesser included offenses of second degree murder and manslaughter; and (4) that defendant was denied effective assistance of counsel at trial because his counsel failed to request instructions on lesser included offenses and failed to discover evidence prior to trial relating to the effect of defendant's drug treatment on the voluntariness of defendant's actions.

I. In defendant's first assignment of error, he contends the trial court erred in overruling his motion for directed verdict made at the close of the State's case and of all evidence.

In considering defendant's motion we are governed by the following principles:

In making a determination as to the propriety of the court's ruling on a motion for directed verdict in a criminal case this court views the evidence in the light most favorable to the state regardless of whether it is contradicted and every legitimate inference that may be fairly and

reasonably deducted therefrom must be carried to the aid of the evidence.

In light of this principle the cause in a criminal action should be submitted to the jury and the court should not direct a verdict of acquittal if there is any substantial evidence reasonably tending to support the charge. Either direct or circumstantial evidence may be sufficient to warrant a verdict of guilty. *State v. Overstreet,* 243 N.W.2d 880, 883 (Iowa 1976).

■ Arson is a criminal charge which often must be proved by circumstantial evidence, since there are seldom witnesses to the crime. *State v. Overstreet* states:

[W]here circumstantial evidence alone is relied on as to an essential element the circumstances must be entirely consistent with defendant's guilt, wholly inconsistent with any rational hypothesis of innocence, and so convincing as to exclude a reasonable doubt that the defendant was guilty of the offense charged. *Id.* at 884.

■ Under a prosecution theory of felony-murder, the State assumed the burden of proving a murder was committed during the perpetration or attempt to perpetrate arson.[1] Section 707.1 provides that "any person who willfully and maliciously sets fire to or burns or causes to be burned any dwelling house" shall be guilty of the felony of arson. Section 690.2, provides that "all murder . . . which is committed in the perpetration or attempt to perpetrate any arson . . . is murder in the first degree." Murder, in turn, is defined by Section 690.1 as the killing of any human being "with malice aforethought, either express or implied."

■ Malice aforethought does not necessarily require a specific intent to murder but may. be implied from circumstances such as an intent to commit a felony from which death results. *State v. Gibbons,* 142 Iowa 96, 98, 120 N.W. 474, 475 (1909). In the present case, "malice aforethought" may be implied from a finding defendant intentionally or deliberately set the fire that caused the deaths. The deaths resulted as an incident to and hazard of the felony of arson. Cf. *State v. Conner,* 241 N.W.2d 447, 461 (Iowa 1976) (murder committed incident to felony of robbery).

To carry its burden of proof the State introduced evidence which showed that on February 9, 1977, two fires occurred in the Coronado Apartments at about the same time. One fire originated in the northwest part of the building where defendant lived alone; another fire originated in the southeast stairwell at the opposite end of the building. Examination of defendant's room and the other area revealed extensive fire damage and an unusual burn pattern on the floors consistent with the use of an accelerant. Opinion testimony from three experts showed that heavy charring on the surface and in cracks of the wood was caused "from something being placed on it to hold the heat there." The experts further testified the two fires had been deliberately set.

Other circumstantial evidence pointed to arson. A resident smelled gasoline near the southeast stairwell. No evidence indicated gasoline was normally kept on the premises. The building burned extremely rapidly, blocking the normal avenues of escape. The Des Moines fire marshal found no evidence of either an electrical or natural gas fire.

Defendant admitted starting a fire in his apartment, but contended the fire was accidental. Defendant testified that, while trying to light a cigarette, he flipped part of the match head into a bag of yarn which ignited. Defendant claimed to have at-

---

1. The felony-murder rule in Iowa differs from that in other jurisdictions as noted in *State v. Conner,* 241 N.W.2d 447, 463 (Iowa 1976):

The felony-murder rule in Iowa arises from the provisions of § 690.2, The Code, which provides in relevant part:

"All murder * * * which is committed in the perpetration or attempt to perpetrate

any arson, rape, robbery, mayhem, or burglary, is murder in the first degree, * * *." Unlike the common-law felony-murder rule, and statutes in most other jurisdictions, § 690.2 does not make all *killings* in perpetration of the designated felonies murder. It makes *murder* in perpetration of such felonies first-degree murder.

tempted to extinguish the blaze with his hands. He did not, however, attempt to use water from sources in the kitchen or bathroom, a nearby blanket from his bed, or a fire extinguisher in the hall outside his room.

After his unsuccessful attempt to extinguish the fire, defendant notified the building manager. A witness saw defendant walking up and down the hall. Upon returning to his apartment, defendant claims to have heard an explosion and to have seen a flash from his kitchen area. Defendant testified he left the building without warning other residents, believing the manager would take care of the fire.

Evidence at trial indicated defendant had a history of alcoholism. He previously had been treated in institutions 37 times for alcoholism and depression in the past 14 years. Defendant, 42, held a college degree, claimed unusual intelligence, and spent four years in the Navy with training as a demolition expert. He blamed his alcoholism on the military service. He had been discharged against his will from Iowa Lutheran Hospital in Des Moines on February 4 after extensive drug treatment for alcoholism. Defendant believed he needed to be hospitalized one or two more years. He unsuccessfully made efforts on February 9 to be re-admitted to Lutheran Hospital, although he had several complaints about his treatment there. Defendant said he had been thinking of ways to get back into the hospital any way he could. Witnesses testified defendant was, or appeared to be, intoxicated on the day of the fire. Although he took no drugs after his discharge from Iowa Lutheran, he did drink large amounts of beer and vodka in the several days before the fire.

We have upheld arson convictions on the basis of circumstantial evidence. See *State v. Millmeier*, 102 Iowa 692, 72 N.W. 275 (1897).

■ The jury was at liberty to reject defendant's version that he started the fire accidently and to infer from the other circumstantial evidence that he "willfully and maliciously" caused the building to be burned to give attention to himself and gain re-entry to a hospital. We hold there was substantial evidence in the record that defendant committed an arson.

The evidence sustained the convictions under Section 690.2 of first degree felony-murder.

We hold there is no merit to defendant's first assignment of error.

II. In his second claimed error, defendant contends trial court abused its discretion in overruling his motion for new trial based on allegedly newly discovered evidence.

At the hearing on the motion for new trial, defendant presented expert opinion testimony that his alcohol consumption on the day of the fire was an involuntary act due to the withdrawal effect of past prescription drug treatments. He claimed to have taken no drugs in the five days between release from the hospital and the fire.

The trial court found the evidence could have been discovered prior to trial in the exercise of due diligence. Further, the court found that although it has some materiality, the evidence would not have changed the result of the jury verdict. See Division IV, infra.

The standards for reviewing a ruling on a motion for new trial are summarized generally in *State v. Overstreet*, 243 N.W.2d at 886. The criteria relative to newly discovered evidence are discussed in *State v. Farley*, 226 N.W.2d 1, 3 (Iowa 1975), and *State v. Jackson*, 223 N.W.2d 229, 233 (Iowa 1974).

■ We do not believe the court abused its discretion in holding that this evidence offered at the hearing on motion for new trial would be cumulative at best and not change the result. There was evidence before the jury of Veverka's intoxication on February 9 as well as his history of intoxication, illness and numerous hospital confinements. Testimony detailed some of the drugs he said he had taken in recent years in treatment of his problems. The jury was instructed on intoxication as a defense.

Another portion of the medical evidence adduced at the hearing on the motion for new trial suggested defendant could, in his mental condition, suffer blackouts and "fill in" facts he really did not remember in an effort to be accommodating. Although this represents new evidence different from mere intoxication, it is difficult to see how it would affect an accidental fire defense. The impact would probably be to reduce the credibility of defendant's statements concerning the blaze. This would seem to harm rather than help that defense on any retrial. The reduced credibility of defendant leaves the state's case, including expert testimony on the likelihood of arson and eyewitness testimony to the original fire in defendant's apartment, largely unrebutted.

We hold trial court was within its discretion in overruling defendant's new trial motion on the newly discovered evidence ground. Defendant's second assignment of error is without merit.

III. In his third assignment of error, defendant contends that trial court erred in failing to sua sponte instruct the jury on lesser included offenses of second degree murder and manslaughter. Veverka raised this issue for the first time in his post trial motions in arrest of judgment and for new trial.

At trial defendant requested jury instructions on other issues. No exception, however, was taken to the trial court's failure to instruct on included offenses.

In addition defendant's counsel and defendant made the following record on jury instructions:

MR. COMITO: Your Honor, may I just make a statement for the record?

THE COURT: Yes.

MR. COMITO: Your Honor, let the record show that this attorney has spent considerable time in researching the law as to whether or not lesser included offenses are applicable in a case of felony murder where arson is involved. That after this particular research, I have found no law which under these facts would allow the lesser included offenses of either second degree murder or manslaughter to be allowed. Further, that I have discussed this, and I would like a response from my client, that I have discussed with my client requesting the lesser included offenses telling him that felony murder rule carries life in prison, second degree would carry a term of years and manslaughter would carry a maximum of eight years, and he has told me that he wishes to go with all or none. Is that correct?

THE DEFENDANT: That is correct.

In *State v. Brown,* 172 N.W.2d 152, 157 (Iowa 1969), we said:

[The] right of a defendant in a criminal case to attack the court's instruction for the first time in a motion for a new trial is subject to two exceptions. A party may expressly waive the right, (citing authorities) or if the instruction was correct as given but not as explicit as a party may have desired he must request an additional instruction before the jury is charged.

The duty to request additional instructions was amplified in *State v. Jackson,* 223 N.W.2d at 232. In *Jackson* this court held that counsel who makes some objections to instructions, subsequently approving the final version, has made an "express disclaimer" thereby waiving the right to attack the instructions later in a motion for new trial.

The error now claimed purposely was not preserved for review by defendant, and he can not complain now of the alleged error by trial court. *State v. Sallis,* 262 N.W.2d 240, 248 (Iowa 1978); cf. *State v. Brant,* 268 N.W.2d 210, 212 (Iowa 1978).

In *State v. Millspaugh,* 257 N.W.2d 513, 516 (Iowa 1977), decided after this case was tried, this court held that included offenses were possible in a felony-murder robbery case. Because this issue is resolved on the basis of waiver, we need not determine whether submission of lesser included offenses would have been appropriate here.

Defendant's third assignment is without merit.

IV. In his fourth assignment for reversal, defendant claims here for the first time failure by his trial counsel to render effective assistance to him.

On appeal, defendant is represented by different counsel then in the trial court.

Defendant claims that his trial counsel was ineffective in: (a) not adequately researching the law concerning lesser included offenses of a felony murder charge; and (b) not exercising due diligence in discovering evidence before trial relating to the effect of defendant's drug treatment.

■ Defendant is entitled to the assistance of counsel for his defense. Amendments 6 and 14, U.S. Constitution. The recognized standard in this jurisdiction for judging the quality of representation accorded a criminal defendant who challenges the competency of his attorney is "whether in all the circumstances counsel's performance was within the range of normal competency." *State v. Rand,* 268 N.W.2d 642, 648 (Iowa 1978); *State v. Kellogg,* 263 N.W.2d 539, 544 (Iowa 1978); *Cleesen v. State,* 258 N.W.2d 330, 332 (Iowa 1977). Defendant has the burden of proving ineffectiveness of counsel. *State v. Brant,* 268 N.W.2d at 211.

■ Although defendant claims trial counsel failed to adequately research the law on lesser included offenses, the record indicates the decision not to request lesser included instructions was, at least in part, a tactical decision. A letter to defendant's trial counsel, dated May 11, from defendant's psychiatrist stated that on February 9 defendant was of sound mind and knew right from wrong and was mentally capable of assistance in his own behalf. Counsel stated he had explained the range of penalties possible on lesser included convictions and defendant wished "to go with all or none." The term "ineffective assistance of counsel" does not mean that every mistake in judgment or error in trial strategy by an attorney serves to deprive an accused of a constitutional right. *Long v. Brewer,* 253 N.W.2d 549, 558 (Iowa 1977). Trial tactics may dictate that counsel forego certain avenues of defense in pursuit of the perceived best interests of the accused. See *Tollett v. Henderson,* 411 U.S. 258, 268, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235, 244 (1973); *State v. Rand,* 268 N.W.2d at 649.

The second subdivision of the assignment of ineffective assistance of counsel causes us to reexamine the issue of newly discovered evidence. Defendant's trial counsel relied on the psychiatrist's report that on the day of the fire defendant was of sound mind and knew the difference between right and wrong. Counsel did not, therefore, inquire further as to the effect of the treatment drugs on defendant. The trial court stated in ruling on post-trial motions:

Now with respect to the claim of newly discovered evidence, this consists of the discovery not of the use of certain drugs, because that was known to counsel for the defendant when he received the statement to the police and the fire marshal by the defendant, which listed most of these drugs, but the claim is that counsel did not realize what the effect would be of ceasing to use the drugs and that there could be withdrawal symptoms that might have affected the consideration of the case by the jury in addition to the intoxication defense. It seems to the Court that the evidence of the use of the drugs was known before trial. In that respect it is not newly discovered and counsel was aware of the fact that defendant had been hospitalized at Lutheran Hospital and many prior hospitalizations. That he was an alcoholic. Dr. Cash could have been consulted or someone else with respect to the effect of taking drugs and then ceasing to take the drugs, so that it doesn't seem to the Court that this can be called evidence that was discovered after the trial. At least, it was not such that could not have been discovered before the trial and in the exercise of due diligence. The next test that the Supreme Court has laid down in the cases is that it must be material to the issue, not merely cumulative or impeaching. In this respect that may have been some materiality, but the fourth requirement is that such evidence

would probably change the results if a new trial were granted, and on this proposition the Court is of the opinion that this evidence would not have very likely changed the jury result in any respect. The defendant and his counsel made the choice to rely upon a defense of an accidental fire in this case and I think it was the best defense that they had. If they had gone into the matter of the drug withdrawal they would be in a rather analogous situation of attempting to claim that even though the fires were intentionally set by the defendant that he was acting under the influence of the drugs or the withdrawal of the drugs and could not form the necessary intent to commit arson, which would be somewhat inconsistent with the defense that they elected to try and, as I say, I think the case was well tried. I think they chose probably the best defense that the defendant had when they claimed the fire was negligently or accidentally set.

. . . Taking the entire record as a whole, the Court feels that the defendant had a fair trial, that he was well defended in the case and that the verdict of the jury is well supported by the evidence.

We agree with the conclusion of the trial court and hold, based on this record, the performance of defendant's trial counsel under all the circumstances was within the range of normal competency.

Defendant's fourth assignment is without merit.

Because we find no reversible error in defendant's contentions, whether specifically discussed herein or not, the judgment of the trial court must be and is hereby affirmed.

AFFIRMED.