# IN THE COURT OF APPEALS OF IOWA

No. 13-1011
Filed May 29, 2014

**MASCHELLE DUFF,**
　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　Respondent-Appellee.
_____

Appeal from the Iowa District Court for Marshall County, James C. Ellefson, Judge.

Maschelle Duff appeals the district court's denial of her application for postconviction relief. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Darrel Mullins, Assistant Attorney General, Jennifer Miller, County Attorney, and Sarah Tupper, Assistant County Attorney, for appellee State.

Considered by Vogel, P.J., and Doyle and Mullins, JJ.

**DOYLE, J.**

Maschelle Duff appeals the district court's denial of her application for postconviction relief following her 2012 plea of guilty to assault with a dangerous weapon and child endangerment, both aggravated misdemeanors. Upon our review, we affirm the order denying Duff's application for postconviction relief.

## I.    *Background Facts and Proceedings*

The following can be deduced from the record. After an argument with her fourteen-year-old daughter S.D., Maschelle Duff followed S.D. in her car when S.D. left home on her bicycle. Duff swerved the car into S.D., striking S.D. in her upper leg and hip. Duff then tackled S.D. and hit the child several times.

The State charged Duff with willful injury, child endangerment, and assault with a dangerous weapon. Duff signed a written plea of guilty to child endangerment, in violation of Iowa Code section 726.6(1)(a) and 726.6(7) (2009), and assault, in violation of section 708.2(3), both aggravated misdemeanors. The district court accepted the plea by paper. Duff waived personal appearance at sentencing and the court sentenced Duff to the provisions previously agreed upon by the parties; Duff received concurrent two-year sentences, with all but fourteen days suspended, and various fines and surcharges.

When Duff appeared at the probation office, she refused to sign the probation agreement, claiming she had pled guilty to two simple misdemeanors rather than two aggravated misdemeanors. Duff subsequently signed the agreement.

Duff failed to attend scheduled appointments with her probation officer and failed to provide a valid urine sample. The State filed an application for probation

revocation and request for arrest warrant. While awaiting the district court's ruling on her probation revocation, Duff continued to violate the terms of her probation, including incurring new charges.[1] The district court entered an order revoking Duff's probation and sentencing her to service an indeterminate period of incarceration not to exceed two years.[2]

Duff filed an application for postconviction relief, raising among other claims, a challenge to the voluntary and knowing basis for her plea, claiming, "I was on medication when I signed" and "I [pled] guilty to a higher offense than what I believed I was pleading guilty to." Duff filed an amended application for postconviction relief through counsel, further challenging the factual basis for the plea.

Following a hearing, the district court entered a ruling denying Duff's claims. Duff now appeals. Additional facts relevant to Duff's claims on appeal will be set forth below.

## II. Standard of Review

We review the district court's denial of an application for postconviction relief for correction of errors. *See Perez v. State*, 816 N.W.2d 354, 356 (Iowa 2012). When an applicant asserts a constitutional claim as the basis for postconviction relief, such as ineffective assistance of counsel, we review that claim de novo. *See Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012).

---

[1] In less than one week, Duff was charged with: assault, disorderly conduct, and interference with official acts (May 7); driving while suspended and eluding (May 8); assault, interference with official acts, and eluding (May 9); and assault on a police officer (May 10).

[2] The two aggravated misdemeanor sentences were to run concurrently as previously ordered.

### III.    Discussion

Duff claims her trial counsel was ineffective in (1) failing to ensure a factual basis existed for her plea and (2) allowing her to plead guilty while under the influence of medication.  Duff further contends her postconviction counsel was ineffective in failing to provide an adequate record on the medication issue. To prevail on her claims of ineffective assistance of counsel, Duff must show counsel (1) failed to perform an essential duty and (2) prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

### A.    Factual Basis

Duff challenges the factual basis for her plea, claiming the written plea does not include the elements of the offenses and "makes no mention of using a dangerous weapon," and the minutes "do not reveal the necessary intent" to commit the offenses.[3]  When trial counsel permits a defendant to plead guilty and waive the right to file a motion in arrest of judgment absent a factual basis to support the guilty plea, counsel violates an essential duty, and prejudice is presumed.  *State v. Rodriguez*, 804 N.W.2d 844, 849 (Iowa 2011).

Duff pled guilty to child endangerment in violation of Iowa Code section 726.6(1)(a) and 726.6(7), and assault with a dangerous weapon in violation of section 708.2(3), both aggravated misdemeanors.  In regard to the charge of child endangerment against Duff, the State was required to prove:

> 1. A person who is the parent . . . commits child endangerment when the person does any of the following:

---

[3] The State correctly points out that the postconviction court did not rule on the factual basis for "intent" claim raised by Duff on appeal.  We reach the merits of that claim as part of her claim of ineffective assistance of counsel.  *See State v. Finney*, 834 N.W.2d 46, 49 (Iowa 2013).

a. Knowingly acts in a manner that creates a substantial risk to a child or minor's physical, mental or emotional health or safety.

. . . .

7. A person who commits child endangerment that is not subject to penalty under subsection 4, 5, or 6 is guilty of an aggravated misdemeanor.

*See* Iowa Code § 726.6(1)(a), .6(7).[4] In regard to the charge of assault with a dangerous weapon against Duff, the State was required to prove:

A person commits an assault when, without justification, the person does any of the following:

. . . .

b. Any act which is intended to place another in fear of immediate physical contact which will be painful, injurious, insulting, or offensive, coupled with the apparent ability to execute the act.

Iowa Code § 708.1(2)(b).

A person who commits an assault, as defined in section 708.1, and uses or displays a dangerous weapon in connection with the assault, is guilty of an aggravated misdemeanor . . . .

*Id.* § 708.2(3).[5] A dangerous weapon is any device capable of inflicting death or injury.[6] *See id.* § 702.7.

---

[4] The trial information accurately set forth a description of the offense of child endangerment as requiring the State to prove that "on or about the 7th day of August, 2010, in the County of Marshall and the State of Iowa, [Duff] did knowingly act in a manner that created a substantial risk to [her daughter]'s physical, mental, or emotional health or safety . . . ."

[5] The trial information accurately set forth a description of the offense of assault with a dangerous weapon as requiring the State to prove:

[O]n or about the 7th day of August, 2010, in the County of Marshall and the State of Iowa [Duff] did an act which was intended to place another person in fear of immediate physical contact which would be painful, injurious, insulting, or offensive, coupled with the apparent ability to exercise the act; and did display a dangerous weapon toward in connection with the assault on S.D., a minor child; specifically an automobile used to strike the child while the child was on a bicycle and did strike the child on the left upper leg and hip with the automobile.

[6] An automobile can be a dangerous weapon if it is used "in such a manner as to indicate an intent to inflict death or serious injury." *State v. Oldfather*, 306 N.W.2d 760, 763-64 (Iowa 1981).

Before accepting a guilty plea, the district court must first determine the plea has a factual basis, and that factual basis must be disclosed in the record. *State v. Finney*, 834 N.W.2d 46, 61-62 (Iowa 2013); *see* Iowa R. Crim. P. 2.8(2)(b). We determine whether a factual basis existed by considering "the entire record before the district court" at the guilty plea hearing. *Finney*, 834 N.W.2d at 62. The record includes the minutes of evidence, the defendant's statements, the statements of the attorneys, and any other matter in the court record. *See id.*; *State v. Brooks*, 555 N.W.2d 446, 448 (Iowa 1996) ("In determining whether a factual basis for Brooks' guilty plea exists, we consider the entire record before the district court.").

The minutes of evidence can provide some or all of the factual basis for a plea of guilty. *See, e.g.*, *State v. Ortiz*, 789 N.W.2d 761, 768 (Iowa 2010). However, if there is reliance on the minutes, the record made in the trial court must disclose that fact. *See State v. Philo*, 697 N.W.2d 481, 486 (Iowa 2005) (holding that any facts relied on for a factual basis must be made part of the record); *State v. Johnson*, 234 N.W.2d 878, 879 (Iowa 1975) ("[T]he record must disclose the factual basis relied on."). Here, the written guilty plea signed by Duff and accepted by the court provided, in relevant part:

> I am knowingly and intelligently pleading guilty to this charge because I believe that a jury hearing the evidence contained in the Minutes of [Evidence] would find beyond a reasonable doubt all of the elements of this offense, and in light of the plea agreement, I believe that it is in my best interest to enter a plea of guilty to this charge.

Indeed, the minutes of evidence show Duff had been "arguing all day" with S.D. S.D. left their home on her bicycle, and Duff caught up to her in a car.

According to S.D. and a disinterested witness, Duff swerved the car into the child, hitting her. Duff then then tackled S.D. and began hitting her. Five disinterested witnesses were prepared to testify they saw Duff beating the child. S.D. and medical personnel were prepared to testify as to S.D.'s injuries, including injuries to her left leg and hip.

"Our cases do not require that the district court have before it evidence that the crime was committed beyond a reasonable doubt, but only that there be a factual basis to support the charge." *Finney*, 834 N.W.2d at 62. Insofar as intent "is seldom capable of direct proof," a court may "infer intent from the normal consequences of one's actions." *State v. Evans*, 671 N.W.2d 720, 725 (Iowa 2003). Looking to the record before the district court, we have no difficulty in concluding there was an adequate factual basis to support Duff's guilty plea to the charges of child endangerment and assault with a dangerous weapon. "Where a factual basis exists for the plea, counsel usually will not be found ineffective for allowing the defendant to plead guilty." *Brooks*, 555 N.W.2d at 448. Under these circumstances, we conclude Duff's claim of ineffective-assistance on this issue fails.

B.      *Mental Status*

Duff claims her trial counsel was ineffective in allowing her to plead guilty while she was under the influence of medication. Duff further contends her postconviction counsel was ineffective in failing to provide an adequate record on the medication issue. "There is a presumption the attorney acted competently, and prejudice will not be found unless there is a reasonable probability that, but

for counsel's unprofessional errors, the result of the proceeding would have been different." *Ennenga*, 812 N.W.2d at 701.

In regard to this claim, Duff alleges she was "under the influence of several medications at the time she signed the guilty plea" and these medications "clouded her judgment" and made her "misapprehend the contents of the guilty plea." Duff seeks to establish that her medication caused her plea to be involuntary and unintelligent, and claims trial counsel should have investigated her mental status prior to her plea.

Trial counsel stated he was well-acquainted with Duff and that she "very well understood" the charges against her "from day one." He stated on the day he met with Duff to sign the plea agreement, Duff was "aware of what she was doing, aware of what was going on and knew what she was doing and the consequences of it." Trial counsel further explained he met with Duff at her home to execute the plea agreement because he had learned she had been driving with a suspended license. According to Duff, however, trial counsel came to her home because she was under the influence of medication and could not drive. She stated she was taking Saphris, amitriptyline, Zoloft, and Benadryl. Duff stated she did not understand the charges or even read the trial information ("I didn't want to think about it because I knew the charges weren't true"), but that she had known trial counsel for approximately twenty years and "trusted" him.

In addressing this claim, the postconviction court stated:

The applicant's testimony on this point would not carry its own weight, even if it had been unopposed. [S]he did not drive to the lawyer's office because her license was invalid. The caption and the contents of the document that she signed were sufficiently clear

> that her claims make no sense and would be rejected if they stood alone.
>
> Apart from that, [trial counsel], who was well-acquainted with the applicant, testified that he did not see anything that made him concerned about her capacity. The attorney's testimony was credible; the applicant's was not.

Under these circumstances, and in light of our deference to the court's credibility assessment, *see State v. Shanahan*, 712 N.W.2d 121, 131 (Iowa 2006), we are highly skeptical Duff could prove counsel breached an essential duty in allowing her to plead guilty. In any event, Duff must also prove she was prejudiced by counsel's alleged failure. *See State v. Polly*, 657 N.W.2d 462, 465 (Iowa 2003) ("Failure to demonstrate either element is fatal to a claim of ineffective assistance.").

In order to prove this element of her ineffective-assistance-of-counsel claim, Duff must prove "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Lado v. State*, 804 N.W.2d 248, 251 (Iowa 2011) (quoting *Strickland*, 466 U.S. at 694). "A reasonable probability is one that is sufficient to undermine confidence in the outcome." *Millam v. State*, 745 N.W.2d 719, 722 (Iowa 2008). Specifically, to demonstrate prejudice in the context of this case, Duff "must show that there is a reasonable probability that, but for the counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (interpreting the *Strickland* test as applied to challenges to guilty pleas); *see State v. Straw*, 709 N.W.2d 128, 136 (Iowa 2006) ("After the *Hill* decision, we [have] applied the "reasonable probability" standard to ineffective-assistance-of-counsel claims.").

The postconviction court determined Duff failed to prove a likelihood she would have gone to trial absent counsel's alleged failure:

> The applicant cannot claim any prejudice in any event. The sentence the court imposed followed completely the bargained-for recommendation. The applicant now finds herself incarcerated because she refused to abide by the agreement she made . . . .
> This case is driven by Ms. Duff's change of heart, and not by any lack of factual basis or lack of understanding of the elements or failure of voluntariness. The Court has found that [trial counsel's] testimony about the circumstances leading up to the written plea . . . is entirely credible. Ms. Duff's testimony is not.

We agree. The record is replete with evidence to show Duff's awareness of the charges against her (including what S.D. would testify at trial), Duff's efforts to contact S.D. in hopes that S.D. would exonerate her, and Duff's belief that if she pled guilty she would have unsupervised contact with S.D. or the no contact order protecting S.D. would be dropped. Considering the facts and circumstances of this case, we conclude Duff has failed to prove a reasonable probability she would not have pled guilty and would have insisted on going to trial if not for counsel's alleged improper conduct. Accordingly, Duff has failed to prove she was prejudiced by counsel's alleged failure.

We conclude the record is sufficient to address Duff's claim of ineffective assistance of postconviction counsel. *See Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 1994). Trial counsel credibly testified Duff was aware of what was happening and the consequences of her actions at the time she signed the guilty plea. Duff's testimony on this issue was inconsistent and convoluted. Although Duff claims counsel should have called an expert witness, Duff does not "suggest what such testimony would have been or how it would have supported [her] application." *See id.* Aside from the fact there is no reasonable probability the

court would have reached a different conclusion if medical evidence was presented, under these circumstances, Duff has not shown postconviction counsel's performance "fell outside a normal range of competency." *See id.*

We affirm the order denying Duff's application for postconviction relief.

**AFFIRMED.**